■ THOMAS QUIGLEY et al., Appellants, v JOSEPH J. CAPOLONGO et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered March 26, 1975 in Tompkins County, upon a decision of the court at a Trial Term, without a jury. In July, 1967, the defendant-owners sold to the plaintiffs certain land in the City of Ithaca, and, pursuant to the agreement, it was further provided with respect to the property presently in dispute that if defendants receive a bona fide written offer for the purchase of this property during a period of five years, they would offer the property to plaintiffs on the same terms and conditions. In April, 1968, defendant-owners accepted an offer from defendant Ithaca College to purchase the property in question for $47,000. However, when the college learned of the agreement with plaintiffs, the offer of sale and acceptance were withdrawn by mutual consent. With the agreement with plaintiffs in mind, the owners and the college entered into a lease of the premises for a term running from July 1, 1968 to June 30, 1973. The term of the lease was thus to run until after the plaintiffs' right of first refusal expired. Ithaca College was further given, in consideration of the sum of $10,000 paid by them upon execution of the lease, an exclusive option to purchase the premises between January 1, 1973 and the end of the lease for $47,000, against which the $10,000 payment would be credited. The lease called for rental of $1,000 per year and contained a covenant that the owners would

---

* No objection is raised by the State regarding the awards for causes of action one (b) and two.

not sell or transfer the premises to anyone other than the college during the term of the lease. It is conceded that plaintiffs were never notified of any of these transactions. The college exercised its option in June of 1973, but prior to transfer of title, plaintiffs commenced this action seeking specific performance of the agreement to give them the right of first refusal. A right of first refusal is an option to buy conditioned on the seller's willingness to sell. It is not an absolute agreement to sell to the optionee, but merely an agreement that should the owner receive a bona fide offer to purchase the property during the term of the option, he will not accept the offer without giving the optionee the right to buy it on the same terms *(R. I. Realty Co. v Terrell,* 254 NY 121; *Amco Plastic Materials v Slone,* 5 AD2d 817; *London v Joslovitz,* 279 App Div 252).* The trial court held that the owners had the right to refuse to sell to the plaintiffs so long as they did not sell to anyone else during the term of existence of plaintiffs' right of first refusal. The court went on to hold that the failure to communicate the 1968 offer of sale was a breach of contract, but found that no damages were suffered by plaintiffs as a consequence of the offer which was withdrawn, and that the granting of an option as part of the lease was not a present offer to sell at the time of execution of the lease, because the option would not be exercisable until January 1, 1973, and might not then be exercised. The court refused to decree specific performance in favor of plaintiffs, but did award judgment to plaintiffs in the amount of 6 cents. We agree that there was a breach of contract, but we do not feel it necessary to decide whether the acceptance of a bona fide purchase offer is enough by itself to activate a right of first refusal if the offer and acceptance are subsequently withdrawn in good faith, for in the present case the original agreement between the owners and Ithaca College cannot be examined without taking into account subsequent transactions between the parties relating to the same subject matter. Defendant-owners, as the court found, desired and intended to sell their property to Ithaca College, a willing buyer, in 1968, and were foreclosed from doing so only by the contract with plaintiffs. While plaintiffs' right to purchase the property might never have ripened into an absolute one, defendant-owners owed them the obligation of dealing in good faith. Defendants breached that obligation by entering into a contract, denominated a lease in the hope of circumventing plaintiffs' rights, but which, upon examination of all the facts and circumstances of this case actually reduced the defendants' present intention of selling the property to a contract under which the actual transfer of title would be postponed. The contract called for Ithaca College to pay rental of only $1,000 annually, clearly a nominal sum for a lease of nine acres; for the "option" to purchase the property shortly after the expiration of plaintiffs' contract at the same price which the defendants had originally agreed upon, Ithaca College made a nonrefundable payment of the sizable sum of $10,000. While it may be technically true that the college was not obliged to exercise this option, it is inconceivable that the college would pay such a large sum in relation to the total purchase price if the parties did not contemplate from the outset that a purchase would be consummated. In this respect the arrangement was no different in practical consequence from a conditional sales agreement where the buyer risks the loss of the property upon failing to complete payment. "The agreement is cast in the form, style and language of a lease, but we must look to the rights it confers and the obligations it imposes to determine whether it has the essential attributes of a contract of conditional sale or of an installment sale *(Central Union Gas Co. v. Browning,* 210 N.Y. 10)." *(Matter of New York World-Telegram Corp. v McGoldrick,* 298 NY 11,

18.) Without holding that the agreement of July 13, 1968 was in fact a conditional or installment sales contract, we do conclude that in the circumstances of this case it formalized defendant-owners' intention to sell the premises in response to the offer by defendant Ithaca College, thus activating plaintiffs' right of first refusal. Since the college participated in these transactions with full knowledge of plaintiffs' rights, specific performance, upon tender by plaintiffs of such amounts as have been paid and would be required to be paid by the college, is an appropriate remedy. The cases cited by defendants, in which specific performance was denied, all involved sales of parcels larger than and inclusive of the premises to which the plaintiffs in those cases had a right of first refusal, and thus are inapposite. Order reversed, on the law and the facts, with costs, and judgment directed to be entered in favor of plaintiffs decreeing specific performance in accordance herewith. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.