■ KINGS ANTIQUES CORP., Appellant-Respondent, v VARSITY PROPERTIES, INC., et al., Respondents, and JOSEPH M. KARPF et al., Respondents-Appellants.—Order, Supreme Court, New York County (Israel Rubin, J.), entered December 6, 1985, which, *inter alia,* granted the motion of defendant Varsity Properties, Inc. to dismiss the complaint as against it, granted the motion of defendants Joseph M. Karpf, Stephen J. Meringoff and Jay Shidler, doing business as 88 University Associates, to dismiss the complaint to the extent of dismissing the first, second, third and fourth causes of action and denying the motion as to the fifth, sixth, seventh and eighth causes of action, and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, to dismiss the fifth, sixth, seventh and eighth causes of action, and otherwise affirmed, without costs.

The facts may be summarized as follows. Plaintiff Kings Antiques Corp. is the tenant of the entire second floor of the subject commercial premises pursuant to a lease entered into with the original owner, defendant Varsity Properties, Inc. Typewritten at the bottom of the preprinted standard form loft lease is a clause which reads in its entirety, "Landlord agrees to give 'first refusal' on sale of building".

In April 1982, Varsity filed a certificate of voluntary dissolution pursuant to Business Corporation Law § 1003 and in connection therewith transferred title to the subject premises

to its president, director, and sole shareholder, defendant Joseph M. Karpf. Shortly thereafter, in October 1982, Karpf entered into an 84-year net lease for the entire premises with defendants Stephen J. Meringoff and Jay Shidler, doing business as 88 University Associates. This net lease contained a clause granting the net lessees an option to purchase the premises upon specified terms at any time prior to one year of the lease's expiration.

More than two years later, in October 1984, plaintiff commenced this action, asserting that these two transactions violated its right of " 'first refusal' on sale" contained in its lease with Varsity, and seeking specific performance and related relief.

Special Term properly dismissed the first four causes of action, which relate to the transfer of title from Varsity to its sole shareholder Karpf in conjunction with the dissolution of Varsity. Distribution of corporate assets to the shareholders upon voluntary dissolution is not a "sale" of those assets and cannot trigger an option clause based on a "sale". *(Midland Container Corp. v Sophia Realty Corp., 65 AD2d 784.)*

The fifth through eighth causes of action, which relate to the net lease between Karpf and the net lessee defendants, should also be dismissed. The execution of the net lease and the grant of an option to purchase the property do not constitute a sale. The net lease is not a conveyance amounting to a "sale" of property so as to activate plaintiff's right of first refusal, absent a showing that the net lease was a "sham" or otherwise entered into bad faith for the purpose of defeating plaintiff's rights. *(Cf. Quigley v Capolongo, 53 AD2d 714, affd 43 NY2d 748.)* In the papers submitted on these motions, plaintiff has not demonstrated that the net lease was entered into in bad faith.

The option contained in the net lease does not violate plaintiff's preemptive right. The right of first refusal on sale does not mature until such time as the net lessees exercise their option to purchase. *(See, e.g., Cortese v Connors, 1 NY2d 265, 269.)* Since the plaintiff's lease particularly specified a right of " 'first refusal' *on sale"* (emphasis added), the grant of a mere option does not violate the plaintiff's right.

Accordingly, plaintiff's fifth through eighth causes of action fail to state a claim and should be dismissed. Concur—Kupferman, J. P., Fein, Lynch, Milonas and Ellerin, JJ.