■ POWER TEST PETROLEUM DISTRIBUTORS, INC., et al., Appellants, v BAKER-TRIPI REALTY CORP. et al., Respondents.—In an action to enforce a right of first refusal to purchase a parcel of land pursuant to a written lease between the plaintiff Leemilt's Petroleum, Inc., and the defendant Baker-Tripi Realty Corp., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated October 31, 1990, which, after a nonjury trial, held that the sale of stock of the defendant Baker-Tripi Realty Corp. to the defendant Brendan Donnelly did not trigger the right of first refusal clause enabling the plaintiffs to purchase the subject property.

Ordered that the judgment is affirmed, with costs.

In May 1962 the plaintiff Leemilt's Petroleum, Inc. (hereinafter Leemilt) and the defendant Baker-Tripi Realty Corp. (hereinafter Baker-Tripi) entered into a 20-year lease for the subject parcel of property, which was Baker-Tripi's sole asset. The term of the lease commenced on December 12, 1963, when Baker-Tripi obtained a certificate of occupancy for the property. It provided Leemilt with the right of first refusal in the

event Baker-Tripi wished to accept a bona fide offer for the sale of the property. In January 1973 the plaintiff Power Test Petroleum Products (hereinafter Power Test), which along with Leemilt is owned by Getty Petroleum Corporation, sublet the property from Leemilt, and thereafter, in November 1976 entered into a licensing agreement with and subleased the property to the defendant Brendan Donnelly. Thereafter, he operated a Power Test service station from the property.

Several times in 1983, George Baker, one of the two principals of Baker-Tripi, asked George DeForest, the vice-president of real estate for Leemilt and Power Test, whether Leemilt wanted to purchase the property. Baker (apparently acting on behalf of Andrew Tripi, the other principal, as well) was unhappy with the offers he received in response to his inquiries and refused to sell the property. Thereafter, in a letter dated November 15, 1983, Baker-Tripi informed Power Test that the lease would expire on December 12, 1983, and that its tenancy would be month-to-month at Baker-Tripi's will if it remained in possession of the property. Several days after the lease expired, George Baker and Andrew Tripi entered into a contract with Brendan Donnelly whereby Donnelly agreed to purchase from them all of the shares of Baker-Tripi.

This action ensued, in which Leemilt and Power Test seek, *inter alia,* a judgment declaring that the sale of Baker-Tripi stock to Donnelly was actually a sale of the property, thereby triggering the right of first refusal under the lease. Although the Supreme Court, Queens County, *inter alia,* granted Baker-Tripi's motion for summary judgment, finding that its lease with Leemilt expired prior to the original sale of stock to Donnelly *(see, Power Test Petroleum Distribs. v Baker-Tripi Realty Corp.,* 126 Misc 2d 228, 230, *affd* 114 AD2d 357), on appeal this Court found that Baker-Tripi was not entitled to summary judgment because a triable issue was raised as to whether George Baker, Andrew Tripi, and Brendan Donnelly had acted in bad faith so as to defeat the right of first refusal *(see, Power Test Petroleum Distribs. v Baker-Tripi Realty Corp.,* 114 AD2d 357, 358, *supra).* After a nonjury trial, the trial court found that the issue of the motive of George Baker and Andrew Tripi in selling the stock, rather than the property itself, to Donnelly was academic since the sale of shares of stock in a corporation is not equivalent to the sale of corporate property. Leemilt and Power Test urge that Baker, Tripi and Donnelly entered into the contract for the sale of Baker-Tripi stock before the lease expired, and that they entered

into that contract of sale in bad faith to defeat the right of first refusal.

Although we find that the trial court improperly refused to address the issue of whether Baker, Tripi, and Donnelly acted in bad faith in order to defeat Leemilt's right of first refusal *(see, Quigley v Capolongo,* 53 AD2d 714, *affd* 43 NY2d 748), we conclude that Leemilt failed to show that the sale of stock was entered into in bad faith, and affirm the judgment of the trial court. At the trial, there was sufficient explanation offered as to why the contract was structured as a sale of stock rather than property, and, therefore, the sale of shares of Baker-Tripi stock to Donnelly did not trigger Leemilt's right of first refusal. It is well settled that there is a "fundamental distinction between the property interests of a shareholder and the property interests of the corporation" *(Helfand v Cohen,* 110 AD2d 751, 752), and "ownership of capital stock is by no means identical with or equivalent to ownership of corporate property" *(Brock v Poor,* 216 NY 387, 401; *see also, Matter of Fontana D'Oro Foods,* 65 NY2d 886, 888; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313). Absent a showing of bad faith on the part of the defendants, the sale of Baker-Tripi stock to Donnelly did not trigger Leemilt's right of first refusal under the lease *(see, Helfand v Cohen,* 110 AD2d 751, 753, *supra).*

We have considered the remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Ritter and Pizzuto, JJ., concur.