■ LINDEN BOULEVARD, L. P., Respondent-Appellant, v ELOTA REALTY COMPANY et al., Appellants-Respondents. [601 NYS2d 949] —In consolidated actions, *inter alia,* to enforce an option for "first refusal" under a lease and to recover damages for the costs associated with certain repairs to the premises, and a consolidated proceeding for summary eviction of the plaintiff from the premises and to recover possession of the premises, (1) the defendants Elota Realty Company and Nathan L. Serota appeal (a) from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Krausman, J.), dated March 24, 1993, as awarded the plaintiff damages in the principal sum of $683,350 and dismissed the defendants' petition for summary eviction of the plaintiff from the premises and to recover possession of the premises, and (b) from a judgment of the same court entered April 28, 1993, which is in favor of the plaintiff in the principal sum of $193,232, and (2) the plaintiff cross-appeals from so much of the order and judgment (one paper) dated March 24, 1993, as dismissed the remaining causes of action, *inter alia,* to recover damages for the cost of certain repairs and for enforcement of the lease option.

Ordered that the order and judgment dated March 24, 1993,

is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the judgment entered April 28, 1993, is affirmed, without costs or disbursements.

In 1962, the defendant Elota Realty Company (hereinafter Elota Realty) entered into a long-term lease of its commercial property in Brooklyn with Times Square Stores Corporation (hereinafter TSS), which operated a store on the premises. In April 1990, after filing for bankruptcy, TSS sold the lease to the plaintiff Linden Boulevard, L. P. (hereinafter Linden), which planned to renovate the premises to permit operation of a flea market and other retail stores. Later that same month, Elota Realty sold the premises to one of its general partners, the defendant Nathan Serota. A dispute arose over which party was responsible for certain repairs to the building, including the air conditioning system and the roof, and for the removal of friable asbestos which was present in the fireproofing material on structural steel beams. Ultimately, Linden paid for the repairs and asbestos removal, and then commenced an action against the defendants for a determination as to the parties' responsibility for this work and to recover damages for the costs of these repairs. In addition, Linden commenced a second action against the defendants, *inter alia,* for a judgment directing conveyance of the title to the property to it on the ground that the sale of the property to Serota violated its right of first refusal under the lease. In August 1992, while these actions were pending, Serota served a notice on Linden terminating its tenancy due to its failure to pay rent in July and August 1992 and subsequently commenced a summary holdover proceeding in Civil Court to recover possession of the premises based on Linden's nonpayment of the rent. The Supreme Court consolidated Linden's actions and the summary proceeding and directed Linden to pay rent while the consolidated action and proceeding was pending, commencing with the rent due in October 1992. Following a nonjury trial, the court dismissed Linden's cause of action seeking title to the property. With respect to the causes of action to recover damages for the costs of certain repairs, the court determined that Linden was entitled to damages of $683,350 for the cost of certain repairs and for asbestos removal, and that Serota was entitled to an offset for three months rent arrears and taxes. The net result was a judgment in Linden's favor for the principal sum of $193,232. The court dismissed Serota's holdover petition seeking possession of the premises on equitable grounds.

We find that Linden's cause of action seeking conveyance of the title to the premises was properly dismissed. The Supreme Court properly held that the sale of the premises by Elota to its general partner, Serota, did not trigger Linden's right of first refusal, as the sale was part of the dissolution of the partnership according to the partnership agreement (see, *Kings Antiques Corp. v Varsity Props.*, 121 AD2d 885; *Midland Container Corp. v Sophia Realty Corp.*, 65 AD2d 784). In any event, the "offer" which Linden argues activated its right to purchase the premises occurred at a private auction between the two general partners in 1982, eight years prior to Linden's purchase of the lease, and therefore did not give Linden a right of first refusal.

There is no merit to the defendants' contention that the court erred in finding that Linden was not responsible under the terms of the lease for the cost of asbestos removal. The parties do not dispute that the asbestos removal was required by certain 1985 New York City enactments, and evidence in the record established that the asbestos in the building presented a health hazard. The lease contains a governmental compliance clause which provides that the tenant is responsible for the cost of complying with all governmental regulations applicable to the premises whether or not the regulations require structural changes and improvements, "provided that the duty to effect the necessary structural changes hereinabove referred to shall only be the duty of the Tenant if the changes are required because of the use to which the Demised Premises are put by the Tenant". We find that the removal of the asbestos constituted a "structural change". This remedial work was mandated by a supervening change in governmental policy with respect to the use of asbestos, it was extraordinary in scope and cost as it involved significant changes to the original construction materials throughout the building, and the work ultimately benefited the owner as it enhanced the overall value of the building (see, *Wolf v 2539 Realty Assocs.*, 161 AD2d 11; *Rapid-Am. Corp. v 888 7th Ave. Assocs. Ltd. Partnership*, 151 Misc 2d 966; 2 Rasch, NY Landlord and Tenant—Summary Proceedings, Tenant's Duties, §§ 19:22, 19:24 [3d ed]). Moreover, we reject the defendants' argument that the removal of the asbestos was related to Linden's use of the premises, as the abatement of this hazardous condition was required for any use of the building by any tenant (see, *Wolf v 2539 Realty Assocs., supra; Rapid-Am. Corp. v 888 7th Ave. Assocs. Ltd. Partnership, supra*). As the lease provides that the tenant is not responsible for the cost of structural

changes unless they are related to its use of the premises, we find that the court properly awarded Linden damages for the cost of the asbestos removal.

In addition, we find that the record supports the court's determination with respect to the parties' respective responsibilities for repairs to the air conditioning system and the roof, and we decline to disturb it.

Finally, we find that the court properly dismissed the holdover petition insofar as Serota sought possession of the premises. The Supreme Court recognized that the defendants' failure to make the repairs required under the lease was not a legal defense to the claim for rent in the holdover proceeding *(see, e.g., Towers Org. v Glockhurst Corp.,* 160 AD2d 597), and the court properly awarded Serota all rent and taxes due without any deduction or abatement due to the condition of the premises. However, Linden was not precluded from raising as an equitable defense that, by reason of Serota's breach of the lease, it had suffered damages in excess of the unpaid rent claimed as the basis for the election to terminate the lease *(see,* 3 Rasch, New York Landlord and Tenant—Summary Proceedings § 43:39 [3d ed], quoting from *Janks v Central City Roofing Co.,* 271 App Div 545). Here, since the amount of damages awarded to Linden exceeded the amount of the unpaid rent and taxes at the time the notice of termination was served, Linden established its equitable defense, and the court properly denied Serota's claim for possession of the premises. Since Linden established its equitable defense and was not in default of the lease when the notice of termination was served, its failure to obtain a *Yellowstone* injunction *(First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) is of no consequence *(see generally, Post v 120 E. End Ave.,* 62 NY2d 19). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.