■ MARINE MIDLAND BANK, Respondent, v 140 BROADWAY COMPANY, Appellant, et al., Defendant. [653 NYS2d 118] —Orders, Supreme Court, New York County (Diane Lebedeff, J.), entered May 2, 1995 and on or about March 8, 1996, which, *inter alia*, declared in plaintiff tenant's favor that defendant landlord must reimburse plaintiff for certain asbestos abatement costs and is to be liable for certain future reasonable and necessary expenses of compliance with Local Laws, 1985, No. 76 of the City of New York, arising out of plaintiff's renovations of the leased premises, unanimously affirmed, with costs.

Neither the governmental compliance clauses nor the repair clauses of the subject leases can be construed to shift responsibility for Local Law 76 compliance from the landlord, bearing this responsibility absent a covenant to the contrary (*see, Bush Term. Assocs. v Federated Dept. Stores*, 73 AD2d 943, 944; *Wolf v 2539 Realty Assocs.*, 161 AD2d 11, 14), to the tenant. The tenant's use of the demised premises, and its renovations and alterations that gave rise to the need for asbestos removal, were contemplated by the parties at the time of lease execution, and the local law in question addresses a danger applicable to any use by any tenant and could not have been contemplated at the time of lease execution (*see, Wolf v 2539 Realty Assocs., supra*; *Linden Blvd. v Elota Realty Co.*, 196 AD2d 808). The motion court also correctly concluded that the removal of asbestos from steel columns and decking and other building components located in the plenum of the building did not take place within the demised premises as that term is used in the subject leases, and that the work was structural in nature since it involved significant changes to the material employed in the original construction of the premises by the owner or his agents in compliance with then existing laws and regulations, and enhanced the overall value of the building (*see, Wolf v 2539 Realty Assocs., supra*, at 16; *Linden Blvd. v Elota Realty Co., supra*, at 810). While the decision in *Rapid-American Corp. v 888 7th Ave. Assocs. Ltd. Partnership* (151 Misc 2d 966) was withdrawn and vacated by virtue of the parties' settlement of that matter, its reasoning is sound and the motion court's reliance thereon was not improper. We have reviewed the landlord's other arguments relating, *inter alia*, to (1) the tenant's alleged breach of section 16.02 of the 1965 lease, (2) the inapplicability of declaratory relief, and (3) the striking of its affirmative defenses, and find them all to be without merit. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.