AARON SELIGSON et al., Respondents, v ALBERT RUSSO et al., Appellants. [752 NYS2d 54] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 6, 2001, which, after a framed-issue hearing, inter alia, granted plaintiffs' cross motion for summary judgment to the extent of declaring that plaintiffs are not obligated to sell their partnership interests to defendants, unanimously affirmed, without costs.

The court properly granted plaintiffs' cross motion, declaring that plaintiffs are not obligated to sell their collective interests

in the partnership to defendants, a group of plaintiffs' copartners. Contrary to defendants' position, the subject partnership agreement contains a right of first refusal, not an option, and the right of first refusal is triggered only when a partner seeks to sell his or her partnership interest to a third party pursuant to specific terms (*see generally LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60, 62-63; *compare Concert Radio v GAF Corp.*, 108 AD2d 273, *appeal dismissed* 65 NY2d 1052). The record, fairly construed, indicates merely that plaintiff Seligson unsuccessfully sought permission from the partnership to negotiate a sale of the building owned by the partnership for a price in excess of the $23 million unilaterally offered by the interested third party. Manifestly, the simple desire of Seligson, even as seconded by Seligson's plaintiff copartners, to sell a partnership asset on terms yet to be negotiated was not sufficient to trigger defendants' right of first refusal under the partnership agreement. Moreover, even if more definite terms for the sale of the partnership's building had been negotiated with the third party, the right of first refusal relied upon by defendants would still not be triggered since it is implicated only in situations where a partnership interest is to be transferred. Here, the contemplated transfer was not of a partnership interest but of a partnership asset (*see e.g. 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 323; *Power Test Petroleum Distribs. v Baker-Tripi Realty Corp.*, 190 AD2d 845; *Helfand v Cohen*, 110 AD2d 751).

We have reviewed defendants' remaining arguments and find them unavailing. Concur—Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.