PETER SPORTIELLO et al., Appellants, v CITY OF NEW YORK et al., Respondents, and FOUNDATION CONSTRUCTION CONSULTANTS, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. WEST CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [774 NYS2d 353]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated February 20, 2003, as granted those branches of the motion of the defendant Foundation Construction Consultants, the cross motion of the defendants City of New York and New York

City Board of Education, and the cross motion of the third-party defendant West Construction Corporation which were for summary judgment dismissing the causes of action to recover damages under Labor Law § 200 and for common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion and the cross motions which were for summary judgment dismissing the causes of action to recover damages under Labor Law § 200 and for common-law negligence are denied as premature, with leave to renew at the conclusion of discovery, and those causes of action are reinstated.

Contrary to the respondents' contention, the fact that the dangerous condition on which the plaintiff Peter Sportiello (hereinafter the plaintiff) allegedly slipped might have been open and obvious did not negate their duty to maintain the work site in a reasonably safe condition, but rather, may raise an issue of fact concerning the plaintiff's comparative negligence (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Tulovic v Chase Manhattan Bank,* 309 AD2d 923 [2003]; *Acevedo v Camac,* 293 AD2d 430, 431 [2002]).

Since the respondents have not yet produced any witnesses for depositions, it was premature to grant summary judgment at this stage of the proceedings (*see* CPLR 3212 [f]; *Destin v New York City Tr. Auth.,* 303 AD2d 713 [2003]; *Rajan v Insler,* 300 AD2d 463 [2002]). Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.