■ NEW YORK TILE WHOLESALE CORP., Appellant, v THOMAS FATATO REALTY CORP. et al., Respondents. [787 NYS2d 341]—

In an action, inter alia, to recover damages for breach of a lease, tortious interference with the lease, and for specific performance of a right of first refusal, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Barasch, J.), dated May 15, 2003, which denied its motion for summary judgment on the first, second, and third causes of action to recover damages for breach of a lease, tortious interference with the lease, and for specific performance of a right of first refusal, and granted the defendants' cross motion for summary judgment dismissing those causes of action, and (2) so much of an order of the same court dated November 12, 2003, as granted the defendants' motion to vacate a preliminary injunction dated May 7, 2002.

Ordered that the order dated May 15, 2003, is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision (1) denying the cross motion and (2) granting leave to renew the motion and/or the cross motion upon completion of discovery; as so modified, the order dated May 15, 2002, is affirmed, without costs or disbursements, and the first, second, and third causes of action are reinstated; and it is further,

Ordered that the order dated November 12, 2003, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion to vacate the preliminary injunction is denied, and the preliminary injunction dated May 7, 2002, is reinstated.

In 1986, the plaintiff, as tenant, entered into a lease with the defendant Thomas Fatato Realty Corp. (hereinafter Fatato), the record owner of the subject property. The lease contained a clause providing that "[i]n the event of a sale of this property, the tenant has the right of first refusal." The lease was renewed several times with the right of first refusal clause remaining unchanged.

In October 2000, as part of a series of transactions designed to bring in new partners for the redevelopment of the property, Fatato transferred its title to the defendant Garden Estates, LLC (hereinafter Garden). A nonparty corporate entity, Shaya B. Developers, Inc., held a one-third membership interest in Garden, while the remaining two-thirds membership interest was held by R&I Garden Corp., an entity in which Fatato held a 90% interest and a nonparty individual held the remaining 10%

interest. Consequently, after completion of the restructuring, Fatato indirectly held a 60% interest in Garden. As part of the transaction, Garden agreed to repay Fatato a total of $2.295 million, reflecting the excess value of the property over Fatato's proportionate capital contribution to Garden.

In support of its motion, the plaintiff contended, inter alia, that it never received notice of the restructuring, that Fatato "covered up" the transfer of title, and that the plaintiff continued to pay rent to Fatato who deposited the rent checks into its account as if it were still the owner. In opposition, Fatato averred that two of the plaintiff's officers and directors were well aware of the October 2000 restructuring and yet never sought to exercise the plaintiff's right of first refusal until November 2001.

The plaintiff commenced this action, inter alia, to recover damages for breach of a lease, tortious interference with the lease, and for specific performance of the right of first refusal. Before discovery took place, the plaintiff moved for summary judgment on the first, second, and third causes of action to recover damages for breach of a lease, tortious interference with the lease, and for specific performance of the right of first refusal. The defendants cross-moved for summary judgment dismissing those causes of action. The Supreme Court denied the motion and granted the cross motion, finding, as a matter of law, that the transfer of the property to Garden did not constitute a "sale" that triggered the right of first refusal. We modify, on the ground that neither party, at this early stage and in light of the allegations of the complaint, was entitled to judgment as a matter of law (see Sportiello v City of New York, 6 AD3d 421 [2004]).

A right of first refusal, as distinguished from an option, does not "give its holder the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the party holding the preemptive right so that he may meet a third-party offer or buy the property at some other price set by a previously stipulated method" (Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 163 [1986]; see also LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 56 [1989]). "The right of first refusal is violated only when the landowner sells the property without first offering the optionee the right to match the purchase offer" (Rome Sav. Bank v Husted & Son, 171 AD2d 1048, 1049 [1991]).

Fatato correctly contended that not all transfers of title amount to a "sale" triggering the right of first refusal. For

example, absent fraud or bad faith, neither the distribution of a corporation's asset to its president, director, and sole shareholder (*see Kings Antiques Corp. v Varsity Props.*, 121 AD2d 885 [1986]; *see also Midland Container Corp. v Sophia Realty Corp.*, 65 AD2d 784 [1978]), nor the sale of leased premises by a partnership to its general partner (*see Linden Blvd. v Elota Realty Co.*, 196 AD2d 808, 810 [1993]) has been held to trigger a right of first refusal. Similarly, neither the sale of the outstanding stock of a corporate landlord to a third party, nor the subsequent merger of the landlord into that third party, has been held to trigger a right of first refusal (*see Torrey Delivery v Chautauqua Truck Sales & Serv.*, 47 AD2d 279 [1975]).

Courts in this state and elsewhere, however, have held that the sale to a third party of a partial interest in leased premises may, under certain circumstances, trigger a right of first refusal (*see Colonie Motors v Heritage Corp. of N.Y.*, 61 AD2d 1105 [1978]; *see also Prince v Elm Inv. Co.*, 649 P2d 820 [1982] [Utah]). Here, the property was transferred from Fatato to Garden, an entity in which Fatato indirectly held a 60% membership interest. The transfer of title in this case was not the equivalent of an outright "sale" of the property to a third party in an arm's length transaction, since Fatato, both before and after the restructuring, maintained either ownership of, or a controlling interest in, the property. Nevertheless, the restructuring did, in effect, result in the transfer of a 40% interest in the property to unrelated third parties. Moreover, Fatato has conceded that the purpose of the restructuring was to redevelop the property into townhouses and condominium units. Under these circumstances, it was premature for the Supreme Court to dismiss the plaintiff's first three causes of action. To the extent that the plaintiff can establish that Fatato and Garden, in bad faith, effected the restructuring in order to redevelop and resell the property to third parties while precluding the plaintiff from acquiring it through the exercise of its right of first refusal, a cause of action for breach of the lease may lie against Fatato (*see Quigley v Capolongo*, 53 AD2d 714 [1976], *affd sub nom. Quigley v Ithaca Coll.*, 43 NY2d 748 [1977]; *cf. Power Test Petroleum Distribs. v Baker-Tripi Realty Corp.*, 190 AD2d 845 [1993]; *Kings Antiques Corp. v Varsity Props., supra* at 886). Moreover, a cause of action for tortious interference with performance of the lease may lie against Garden (*see Slifer-Weickel, Inc. v Meteor Skelly*, 140 AD2d 320, 322 [1988]). As no discovery has yet taken place, the plaintiff's motion for summary judgment on the first, second, and third causes of action, and the granting of the defendants' cross motion for summary judgment dismissing those causes of action were premature (*see Sportiello v City of New York*, 6 AD3d 421 [2004], *supra*).

In light of our determination on the appeal from the order dated May 15, 2003, we reverse the Supreme Court's order dated November 12, 2003, which, inter alia, granted the defendants' motion to vacate a preliminary injunction dated May 7, 2002, precluding the defendants, during the pendency of the action, from transferring, encumbering, or disposing of the property, or from interfering with the plaintiff's tenancy. The Supreme Court's decision to vacate the preliminary injunction was based on the dismissal of the plaintiff's first cause of action. As that cause of action is reinstated, the preliminary injunction must be reinstated as well.

The plaintiff's remaining contentions are without merit. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.