■ INVESCO ADVISERS, INC., Appellant, v MARSH & McLENNAN CO., INC., Respondent. [938 NYS2d 15]—

The parties entered into a lease for the rental of commercial space which provided that plaintiff tenant had inspected the premises, was taking it "as is," and would be undertaking construction work to prepare for its initial occupancy. The lease further provided that defendant landlord was not required to perform any work to prepare the premises for tenant and would furnish plaintiff with a "construction allowance" to reimburse it for a portion of costs incurred in "constructing long-term real property for use in [plaintiff's] trade or business." Plaintiff was responsible for obtaining all necessary permits, as well as compliance with all federal, state and city regulations with respect to its alterations and renovations. Defendant was responsible for repairs to the building, including the common elements "and structural Repairs of any kind or nature other than those Repairs required by [plaintiff]" as set forth in the lease. Defendant was also responsible for compliance with all federal, state and city regulations that did not arise from plaintiff's use, occupancy or alterations to the building.

Plaintiff commenced its construction work on the demised premises, part of which required removal of the existing, nonstructural walls in the premises. This, in turn, exposed the underlying structural columns and beams. Defendant notified plaintiff that "the existing steel in areas undergoing alteration is subject to special inspections" for fireproofing under New York City Building Code (Administrative Code of City of NY, tit 28, ch 28) § BC 1704.11.6, and "will likely fail." True to defendant's prediction, an inspection revealed that the bond strength of the fireproofing material on the columns was less than that required by Building Code § BC 1704.11.5. Plaintiff sent defendant a cure notice and, when defendant did not remediate the fireproofing defect, plaintiff sent defendant a letter stating that its failure to cure this violation constituted a default under the lease and plaintiff would seek reimbursement for the costs of remediation.

Plaintiff commenced this action against defendant alleging three causes of action. The first cause of action seeks the following declarations: (1) that defendant bears responsibility for maintaining and repairing the premises' structure and structural materials under Administrative Code § 28-301.1; (2) that the lease requires defendant to maintain and repair at its own expense the fire-resistant material applied to structural columns and beams in a condition that satisfies Building Code § BC 1704.11.5; (3) that defendant's failure to satisfy Building Code § BC 1704.11.5 constitutes a default under the lease; and (4) that plaintiff is entitled to indemnification for the cost of compliance.

The second cause of action alleges that defendant breached the lease by refusing to repair at its own expense the allegedly defective fireproofing and seeks to recover the costs plaintiff incurred to cure the breach. The third cause of action sought recovery of plaintiff's costs in quantum meruit.

Defendant moved to dismiss the complaint for failure to state a claim pursuant to CPLR 3211 (a) (7) and plaintiff cross-moved for partial summary judgment on it first cause of action.

The motion court determined that, under the terms of the lease, plaintiff is responsible for the costs of its alterations and ensuring that such alterations comply with all legal requirements, including the fireproof testing and remediation that became necessary as a result of plaintiff's initial work. It granted defendant's motion to dismiss and denied plaintiff's cross motion as moot. We now reverse.

This case is materially distinguishable from the cases relied on by defendant (*Chemical Bank v Stahl*, 272 AD2d 1, 16 [2000]; *Marine Midland Bank v 140 Broadway Co.*, 236 AD2d 232 [1997]; *Wolf v 2539 Realty Assoc.*, 161 AD2d 11 [1990]; *Bush Term. Assoc. v Federated Dept. Stores*, 73 AD2d 943 [1980]; *Rapid-American Corp. v 888 7th Ave. Assoc. Ltd. Partnership*, 151 Misc 2d 966 [1991]). In each of those cases the leases contained seemingly all-encompassing provisions expressly requiring the tenant to bear all costs associated with work it performed, whether "ordinary or extraordinary," "structural or otherwise," or "in and about the Demised premises and the Building." Moreover, those leases required the tenant to comply with all applicable laws and regulations. In each case, the remediation of asbestos sprayed on structural components of the building was only required by law when that asbestos was exposed, such as during renovations or other work, and where not exposed, it was to be left undisturbed (New York City Local Law [1985] No. 76). This regulation is similar in nature to the fireproofing in this case. In each case, the landlord argued, as here, that the asbestos was exposed during the tenant's work, thus requiring the cost of remediation to be borne by the tenant. That argument was repeatedly rejected on the ground that the leases and the law placed the responsibility for such structural remediation on the landlord.

In this case, Administrative Code § 28-301.1 imposes upon landlords the duty to maintain their buildings in a safe condition in compliance with the building code. Section 6.02 (A) of this lease places the burden on the landlord to make any structural repairs "of any kind or nature," other than those required to be placed on the tenant by section 6.01, including

those structural repairs "arising from . . . any Alterations." Here, plaintiff's alterations merely exposed the already existing structural defect, which defect, it appears, was known to defendant prior to plaintiff's alteration. These alterations did not create or cause the defect which is otherwise unrelated to the those alterations, as was also true in the above cited cases.

Therefore, a latent structural defect, which requires remediation when exposed, but was not caused by a tenant's alterations, does not fall within those lease provisions requiring a tenant to bear the cost of such remediation unless the lease expressly provides otherwise. Since there is no such provision in this lease, defendant's motion should have been denied and plaintiff's cross motion should have been granted to the extent indicated. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.