Clifton Land Co. LLC v Magic Car Wash, LLC (2018 NY Slip Op 07027)





Clifton Land Co. LLC v Magic Car Wash, LLC


2018 NY Slip Op 07027


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

526319

[*1]CLIFTON LAND COMPANY LLC, Appellant,
v
MAGIC CAR WASH, LLC, et al., Respondents.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Lacy Katzen LLP, Rochester (John T. Refermat of counsel), for appellant.
Steven W. Barnstead, Elmira, for Magic Car Wash, LLC and another, respondents.
Levene Gouldin & Thompson LLP, Vestal (Gary W. Farneti of counsel), for CC Parkway Development, LLC, respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered June 20, 2017 in Broome County, which, among other things, granted a motion by defendants Magic Car Wash, LLC and Nancy Husisian for a declaratory judgment.
Defendant Nancy Husisian is the sole owner of defendant Magic Car Wash, LLC (hereinafter MCW), an operator of a car wash. In 2014, Husisian, MCW and plaintiff entered into a contract by which plaintiff purchased a car wash business operated by MCW, together with the land upon which it was located, owned by Husisian. As part of the consideration for this sale, the contract required MCW and Husisian to give plaintiff rights of first refusal on another MCW car wash business and property in the Town of Vestal, Broome County. Husisian and plaintiff executed a separate agreement providing that Husisian would give written notice to plaintiff of any acceptable offer to purchase the Vestal property, and plaintiff would then have five days to notify Husisian of its agreement to purchase the property "on the same terms as set forth in the third-party offer."
Husisian later decided to sell the Vestal car wash. She contacted plaintiff to inquire about its potential interest but did not receive a response. In the course of seeking other potential buyers, she contacted defendant CC Parkway Development, LLC, which owns and operates a competing car wash across the street from the Vestal property. CC Parkway and Husisian (hereinafter collectively referred to as defendants) entered into a contract, subject to plaintiff's right of first refusal, for the purchase of the real estate at the Vestal location, but not the MCW car wash business. This agreement further required Husisian to stop operating the car wash at the Vestal location before the closing and provided that the deed to the property would include a restrictive covenant prohibiting the location of a car wash on the property for 10 years. Husisian provided a copy of the agreement to plaintiff, which responded that it wished to exercise its right [*2]of first refusal by purchasing the property at the price specified, but that it would not accept a deed that restricted the use of the property for a car wash. Uncertain as to whether this exercise of the right of first refusal by plaintiff was valid, Husisian did not sell the property.
Plaintiff commenced this action seeking, among other things, specific performance and a judgment declaring that the right of first refusal is enforceable upon the terms proposed. After joinder of issue, MCW and Husisian moved for a declaratory judgment determining which of the parties is entitled to purchase the property [FN1]. Plaintiff cross-moved for partial summary judgment on its claims for breach of contract, specific performance and a declaratory judgment. Supreme Court found that Husisian had complied with her obligations under the contract, that plaintiff's attempted exercise of that right was invalid, and that Husisian was free to complete the sale of the property to CC Parkway. The court granted the motion for a declaratory judgment by Husisian and MCW, denied plaintiff's cross motion, and dismissed the complaint and cross claims. Plaintiff appeals.
A right of first refusal is "an agreement that should the owner receive a bona fide offer to purchase the property during the term of the option, he [or she] will not accept the offer without giving the [holder of the right of refusal] the right to buy it on the same terms" (Quigley v Capolongo, 53 AD2d 714, 715 [1976], affd 43 NY2d 748 [1977] [citations omitted]; see LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 60 [1989]). When the owner has conveyed such a bona fide offer to the holder, the right of first refusal will be extinguished if the holder declines to purchase the property or fails to match the terms of the offer (see Yudell Trust I v API Westchester Assoc., 227 AD2d 471, 473 [1996]; Story v Wood, 166 AD2d 124, 129 [1991]). Here, Husisian contends that her duties under the right of first refusal were satisfied when she conveyed CC Parkway's offer to plaintiff, and that plaintiff's right of first refusal terminated when it failed to match the precise terms of that offer. Plaintiff contends that CC Parkway's offer was not bona fide because defendants entered into the purchase contract in bad faith for the specific purpose of defeating plaintiff's right of first refusal, thus depriving plaintiff of the benefit of its bargain and breaching the covenant of good faith and fair dealing implicit in that agreement.
"In every contract there is an implied undertaking on the part of each party that he [or she] will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his [or her] part. The idea is simply that when A and B agree that B will do something it is understood that A will not prevent B from doing it. The concept is rooted in notions of common sense and fairness" (Wieder v Skala, 80 NY2d 628, 637 [1992] [internal quotation marks and citations omitted]). Such a covenant arose here from the agreement that created the right of first refusal, imposing a mutual obligation upon plaintiff and Husisian to deal with one another in good faith (see Jeremy's Ale House Also, Inc. v Joselyn Luchnick Irrevocable Trust, 22 AD3d 6, 8 [2005]; Quigley v Capolongo, 53 AD2d at 715). Consistent with that obligation, it is well established that landowners and potential buyers may not structure property transfers in bad faith for the purpose of defeating the exercise of rights of first refusal (see Whiteface Resort Holdings, LLC v McCutchen, 52 AD3d 1106, 1107 [2008]; South Amherst, Ltd. v H.B. Singer, LLC, 13 AD3d 515, 516 [2004]; K.S. & S. Rest. Corp. v Yarbrough, 104 AD2d 486, 487 [1984]; Quigley v Capolongo, 53 AD2d at 715; see also American Broadcasting Cos. v Wolf, 76 AD2d 162, 170-171 [1980], affd 52 NY2d 394 [1981]; Kevin L. Shepherd, Rights of First Refusal: Poison Pills and Bad Faith, Prob. & Prop. May/June 2007 at 52, 54). Likewise, an offer that circumvents a right of first refusal by including conditions that are impossible for the holder to fulfill does not constitute a bona fide offer requiring the holder to exercise the right (see e.g. H. G. Fabric Discount v Pomerantz, 130 AD2d 712, 713 [1987]).
Plaintiff supported its cross motion for summary judgment with email correspondence sent to Husisian by a principal of CC Parkway stating that plaintiff's right of first refusal was "a serious sticking point" and that the principal was unwilling to negotiate an agreement only to have plaintiff exercise its right by purchasing the property. The principal stated that, as a result, he had "already spent a lot of money with [his] attorney discussing how to structure [an agreement] as a 'poison pill' for [plaintiff]" and that they planned to "do[] very unusual things with deed restrictions to accomplish this." Plaintiff also submitted interrogatory responses from this principal repeating the principal's reluctance to enter into an agreement to purchase a property burdened with a right of first refusal and stating that he had conducted a conference call with Husisian and her attorney about the right of first refusal, had "made it clear that there could be no deal if a competitor car wash was on [the property]," and had advised Husisian that he therefore intended to include in his offer a restrictive covenant prohibiting the operation of a car wash on the property for 10 years.
Although there was no evidence that Husisian directly participated in planning the transaction, these submissions nevertheless demonstrate her full knowledge that the transaction had been purposefully structured to include the "poison pill." The inclusion of the deed restriction within the purchase agreement was precisely targeted to prevent plaintiff — which defendants knew was in the car wash business and had entered into the right of first refusal as a means of preserving its opportunity to operate a car wash on the property — from exercising its first refusal rights. We find that this documentation conclusively demonstrates that defendants improperly structured their agreement to defeat plaintiff's first refusal rights [FN2]. As defendants did not disavow these submissions, or the intent contained therein, they failed to meet their burden to raise an issue of fact in this regard. Under the circumstances presented here, the purchase agreement was thus entered into in bad faith as a matter of law (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 13 AD3d 425, 428 [2004]; Quigley v Capolongo, 53 AD2d at 715; see also Bramble, Inc. v Thomas, 396 Md 443, 460-465 [2007]).
Accordingly, as plaintiff demonstrated a right to enforcement of the contract, its cross motion for partial summary judgment should have been granted, and the complaint and cross claims should not have been dismissed. This determination renders plaintiff's remaining claims academic.
Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion by defendants Magic Car Wash, LLC and Nancy Husisian denied and plaintiff's cross motion for partial summary judgment granted.



Footnotes

Footnote 1: CC Parkway also moved for declaratory judgment, by a notice of motion that is not included in the record. Supreme Court's decision did not expressly indicate whether this motion was granted or denied.

Footnote 2: It also appears that Husisian might have complied with the right of first refusal by submitting a purchase offer to plaintiff, rather than a fully executed purchase agreement, thus providing the potential opportunity for a counteroffer. Instead, use of the purchase agreement was apparently part of defendants' design.