Cypress Med. Surgical Servs., LLC v Jodol Realty Corp. (2020 NY Slip Op 04534)





Cypress Med. Surgical Servs., LLC v Jodol Realty Corp.


2020 NY Slip Op 04534


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-08948
 (Index No. 507968/15)

[*1]Cypress Medical Surgical Services, LLC, appellant,
v Jodol Realty Corp., et al., respondents.


Richard A. Kraslow, P.C., Melville, NY, for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Michael J. Antongiovanni of counsel), for respondent Lorraine Rapuano, as executor of the estate of Dolores Rapuano.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 4, 2017. The order, insofar as appealed from, (1) granted that branch of the motion of Dolores Rapuano which was for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against her, (2) granted those branches of the separate motion of the defendants Jodol Realty Corp. and Mordechai Tasma which were for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against the defendant Jodol Realty Corp. and the cause of action to recover damages for fraudulent misrepresentation against Jodol Realty Corp., and (3) denied, as academic, the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Cypress Medical Surgical Services, LLC, as tenant, entered into an agreement with the defendant Jodol Realty Corp. to lease a portion of the subject property. The lease contained a clause providing a "first option to buy to" nonparty Angelo Messina and a "second option to buy to" the plaintiff. In May 2015, Jodol Realty Corp.'s sole shareholder, Dolores Rapuano (hereinafter Rapuano), sold her shares in Jodol Realty Corp. to the defendant Mordechai Tasma.
Subsequently, the plaintiff commenced this action against Jodol Realty Corp., Rapuano, and Tasma, asserting, inter alia, a cause of action to recover damages for breach of contract against Jodol Realty Corp. and Rapuano and a cause of action to recover damages for fraudulent misrepresentation against Jodol Realty Corp. Rapuano, among other things, moved for summary judgment dismissing the complaint insofar as asserted against her, and Jodol Realty Corp. and Tasma (hereinafter together the Jodol defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed both motions and cross-moved for leave to amend the complaint to substitute Cypress Medical Surgical Services, LLP, as the plaintiff on the ground that Cypress Medical Surgical Services, LLC, is a nonexistent entity.
The Supreme Court granted the separate motions of Rapuano and the Jodol [*2]defendants, and denied the plaintiff's cross motion as academic. The plaintiff appeals. While the appeal was pending, Rapuano died, and Lorraine Rapuano, as executor of Rapuano's estate, was substituted as a defendant.
We agree with the Supreme Court that the sale by Rapuano of the shares in Jodol Realty Corp. did not constitute a sale of the subject property so as to trigger the rights of refusal under the lease. "[T]here is a fundamental distinction between the property interests of a shareholder and the property interests of the corporation,' and ownership of capital stock is by no means identical with or equivalent to ownership of corporate property'" (Power Test Petroleum Distribs. v Baker-Tripi Realty Corp., 190 AD2d 845, 847 [citation omitted], quoting Helfand v Cohen, 110 AD2d 751, 752, and Brock v Poor, 216 NY 387, 401; see Torrey Delivery v Chautauqua Truck Sales & Serv., 47 AD2d 279, 282-283). Accordingly, absent a showing of bad faith on the part of the seller, the sale of corporate stock to a third party does not trigger a lessee's right of refusal under a lease (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 13 AD3d 425, 428; Power Test Petroleum Distribs. v Baker-Tripi Realty Corp., 190 AD2d at 847; Quigley v Capolongo, 53 AD2d 714, 715, affd 43 NY2d 748).
Here, Rapuano established that she sold her shares in Jodol Realty Corp., as opposed to Jodol Realty Corp. selling the subject property, because, on the advice of her accountant, it would result in substantial tax savings. Additionally, Rapuano demonstrated that she offered the plaintiff the opportunity to match Tasma's offer for the shares in Jodol Realty Corp., which it did not do. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants entered into the stock purchase agreement in bad faith to defeat the rights of refusal under the lease (see Power Test Petroleum Distribs. v Baker-Tripi Realty Corp., 190 AD2d at 847; cf. New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 115 AD3d 829, 831). Accordingly, we agree with the Supreme Court that Rapuano and Jodol Realty Corp. were entitled to summary judgment dismissing the breach of contract cause of action.
We also agree with the Supreme Court's determination to grant that branch of the motion of the Jodol defendants which was for summary judgment dismissing the cause of action to recover damages for fraudulent misrepresentation against Jodol Realty Corp. "A mere misrepresentation of an intent to perform under the contract is insufficient to sustain a cause of action to recover damages for fraud" (Gorman v Fowkes, 97 AD3d 726, 727). Here, the allegations in support of the plaintiff's cause of action to recover damages for fraudulent misrepresentation "amount to nothing more than allegations of a misrepresentation of an intention to perform under the contract" (Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 758).
In light of our determination, we need not reach the plaintiff's remaining contention.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court