■ COLONIE MOTORS, INC., Respondent-Appellant, v HERITAGE CORPORATION OF NEW YORK et al., Appellants-Respondents, and HERTA C. KRAHMER et al., Respondents.—Cross appeals from a judgment of the Supreme Court, entered September 17, 1976 in Albany County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint as against defendants Krahmer and Waldhof Trust and awarded the plaintiff specific performance against defendant Pollman. This is an action for specific performance and damages based upon an alleged breach of a right of first refusal clause in a lease executed on November 21, 1963 by the plaintiff Colonie Motors, Inc. (Colonie), as lessee, and the defendant the Heritage Corporation of New York (Heritage), as lessor. The demised premises was a parcel of land in the Town of Colonie, Albany County, on which the lessor erected a building for the use of the lessee as an automobile dealership. Pursuant to the lease the plaintiff began paying rent in the sum of $1,370.83 upon completion of construction of the building in February, 1964. The lease was for a term of 20 years, with the plaintiff having options to renew after the expiration of the initial term. After the erection of the building, the plaintiff made substantial expenditures to improve the premises, in the sum

of approximately $160,000. Sections 2 and 3 of article XXX of the lease, in issue herein, grant to the plaintiff lessee a right of first refusal in the following terms: "Section 2. If the landlord receives a bona fide offer to purchase the demised premises or the property of which the demised premises are a part, which offer is acceptable to the landlord, the landlord agrees that the tenant shall have and is hereby granted an option to purchase the same upon the same terms and provisions as are part of such offer. Section 3. The landlord shall, immediately after receipt of such offer, give the tenant notice in writing of the terms and provisions thereof, and the tenant may exercise its option to purchase said property at any time within thirty (30) days after such notice is received by the tenant". On March 4, 1964 defendant Heritage conveyed a 50% interest in the leased premises to defendant Herta C. Krahmer (Krahmer) as tenant in common in consideration of the sum of $25,000 and Krahmer's assumption of one half of a $125,000 mortgage debt secured by the premises. This conveyance was in accordance with an agreement dated October 23, 1963, prior to the subject lease. On December 31, 1970 defendants Heritage and Krahmer executed a deed conveying the premises to defendants Fred W. Pollman (Pollman) and Krahmer. Since Krahmer's interest did not change, this conveyance amounted to a transfer of Heritage's interest to Pollman. Pollman, who was the president of Heritage, testified that the transfer to him was part of a plan of liquidation and that the consideration was threefold: (1) the sum of $15,500; (2) the assumption of one half of the existing mortgage, then $97,926.37; and (3) past and future services rendered and to be rendered for the corporation. Finally, on October 16, 1973, Pollman and Krahmer conveyed the subject premises to Pollman and defendant Waldhof Trust (Waldhof). The sole consideration for this last transfer was the assumption by Waldhof of one half of the mortgage, then $82,929. Plaintiff contended that each of these conveyances was in contravention of its right of first refusal. It asserted that at no time was it ever apprised by the defendants of the offers of the various grantees or given the opportunity to exercise the right of first refusal. In this action it sought specific performance against "the defendants and each of them", and damages in the sum of $168,612.09, representing the rent paid by the plaintiff for the premises from the date of the first conveyance to defendant Krahmer. After the trial, the trial court held that the plaintiff's cause of action as to this first conveyance, this action having been commenced in 1974, was barred as not interposed within six years from the time the cause of action for breach of contract arose (CPLR 213), or within two years after plaintiff discovered or could, with reasonable diligence, have discovered the facts constituting his cause of action (CPLR 203, subd [f]). The trial court further held that the December 31, 1970 conveyance which exchanged Heritage's one-half interest for a one-half interest by Pollman was in violation of plaintiff's right of first refusal, but that the subsequent conveyance from Krahmer to Waldhof was not. The court ordered the conveyance of Pollman's interest for a total sum of $6,695.94 pursuant to computations which will be set forth below. Subsequent to the service and filing of plaintiff's notice of cross appeal, but prior to argument of the appeal in this court, plaintiff's president purchased the interests of defendants Krahmer and Waldhof in the demised premises. Plaintiff has now entered into a stipulation with these defendants to withdraw its cross appeal. Accordingly, the issues raised on plaintiff's cross appeal will not be considered and that appeal is withdrawn on consent. Defendant Pollman urges several grounds for reversing the trial court's determination that the December 31, 1970

conveyance of Heritage's remaining one-half interest to him violated plaintiff's right of first refusal. We find these arguments without merit and uphold the finding of the trial court in this regard. First he asserts that because the pleadings and proof did not request specific performance of the individual sales of one-half interests, but only referred to specific performance that would give plaintiff the entire property, he is entitled to a new trial to respond to the question of specific performance of his interest only in the property. In our view, however, the reference in the complaint to "Each of said conveyances" (par 14) and the demand "that the defendants and each of them" specifically perform the contract (wherefore clause, par [a]) put defendant Pollman on adequate notice of this aspect of plaintiff's case. Additionally, the proof at the trial treated the various conveyances separately. Defendant Pollman further claims that the granting of specific performance as to his interest in the premises amounted to an improper remaking of the contract in that the "premises" referred to in article XXX should not have been construed to mean a portion of or part interest in the property. If this argument were to be accepted, however, the lessor Heritage could have circumvented the plaintiff's right of first refusal as lessee by the simple device of conveying partial interests in the premises. Surely, such a construction would be unreasonable. *Warren v Hoch* (276 App Div 607), rather than supporting Pollman's arguments, is most notable for standing for the proposition that, provided the requisite circumstances have been met, specific performance of an undivided half interest in property can be awarded. We agree with the trial court's finding that Pollman failed to prove that the conveyance to him was not an "arms length" transaction and, therefore, not a purchase by him within the meaning of article XXX of the lease. The most vexing question of all relates to the price which plaintiff should pay Pollman for his interest in the property. The trial court ordered the conveyance of Pollman's interest to the plaintiff and the payment to Pollman of $6,695.94, computed as follows:

| | |
|---|---|
| (a) credit to Pollman for purchase price paid to Heritage: | $15,500.00 |
| (b) interest on said sum at 6% per annum from December 31, 1970 to July 30, 1976: | 7,052.49 |
| (c) credit to Pollman of the amounts paid on the land and mortgage (50% of $897.50/month) from December 31, 1970 through July 30, 1976: | 30,066.25 |
| (d) credit to plaintiff for one half of the rent paid from December 31, 1970 through July 30, 1976: | ($45,922.80) |
| Total | $ 6,695.94 |

In an action for the specific performance of a contract it is the court's duty, insofar as possible, to place the parties in the same situation they would have been in if the contract had been performed according to its terms *(Smith Corp. v Kraushaar,* 249 App Div 789). In upholding the decision of the trial court on the question of damages, we have, with one

exception, placed defendant Pollman in the position in which this record indicates he would have been had he not been able to purchase Heritage's remaining one-half interest in the subject premises on December 31, 1970 by reason of plaintiff's exercise of its right of first refusal as to his purchase offer. The one exception is the consideration which Pollman claims to have given Heritage in the form of past services rendered and future services to be rendered. The reason for this exception is that the value of these services was not proven. Litigants are bound by the record and can only be compensated for such consideration as was proved (*Regan v Lanze,* 47 AD2d 378, 384, revd on other grounds 40 NY2d 475; see 13 NY Jur, Damages, § 2). Judgment affirmed, without costs. Cross appeal withdrawn on consent. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.