[697 NYS2d 766]

A. Michael Krieger, Appellant, v Victor Cornelius, Respondent, et al., Defendant.

Third Department, November 4, 1999

sum.

## APPEARANCES OF COUNSEL

*William J. Better,* Kinderhook, for appellant.

*Gersen, Wood & Blakeman, L. L. P.,* New York City (*Stanley M. Ackert, III,* of counsel), New York City, for respondent.

## OPINION OF THE COURT

PETERS, J.

In July 1988, defendant Victor Cornelius (hereinafter defendant) became the sole owner of a parcel of real property known as "Teviotdale", a large historic home located in the Town of Livingston, Columbia County. Subject to a mortgage foreclosure proceeding by August 1991, defendant was receptive to plaintiff's unsolicited inquiry about its availability. An agreement was ultimately reached on September 10, 1991 wherein plaintiff purchased a one-half interest in the property for $300,000 pursuant to a joint tenancy agreement which specified that for the next four years, they were to share the property 10 months per year and that each would have sole use thereof for one month. Defendant was also granted, and did ultimately exercise, the right to buy plaintiff's share of the property within three months after the fourth anniversary of the closing. The agreement further provided, *inter alia,* as follows: "Should either party purchase the entire property and within twenty years thereafter offer it for sale, the other party has the option to purchase the property for $800,000.00 plus a sum reflecting the benefit of any capital improvements made subsequent to the buyout." This action addresses whether the above provision created an option to purchase, triggered when the property was listed for sale in August 1997 with a real estate broker,* or a right of first refusal as determined by Supreme Court upon a preanswer motion to dismiss.

A right of first refusal binds a party who wishes to sell property not to do so without first giving another the opportunity to purchase such property at a specified price (*see, LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 60; *Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 163). As distinguished from an option "which creates a power to *compel* a sale, a first refusal right 'contemplates a *willing* seller who *desires* to part with the property'" (*Bloomer v Phillips,* 164 AD2d 52, 54, quoting *LIN Broadcasting Corp. v Metromedia, Inc., supra,* at 60).

---

* Defendant maintains that he had never authorized any listing of Teviotdale, other than to rent the recently renovated basement apartment. He simply inquired, while discussing such rental, whether the broker could ascertain its current market value. Whether such listing was intentional or inadvertent is not relevant to the determination of this appeal.

We agree with Supreme Court that, when viewed in its entirety, this agreement clearly reflects that the intent of these parties was to prevent a sale to a third party without giving the other signatory the first opportunity to purchase this historic home for a specified sum. The language used throughout the agreement resonates with this intent by recognizing that as joint tenants, each had to have the consent of the other to assign or encumber the property or to offer it for sale to an outsider. Hence, once defendant purchased this property from plaintiff, such purchase came with a continued 20-year restriction on his ability to sell to another without first allowing plaintiff to purchase the property for a defined sum. As nothing therein reflects an intent to have created an irrevocable option "which creates in the optionee a power to compel an unwilling seller to sell at the agreed price" (*LIN Broadcasting Corp. v Metromedia, Inc., supra*, at 60), we can discern no error.

Finding the terms of the contract to be clear and unambiguous, we need not resort to extrinsic evidence (*see, Chimart Assocs. v Paul*, 66 NY2d 570). Hence, as a right of first refusal and not an option, no breach can be found by defendant since he has neither offered nor accepted an offer to purchase from a third party.

MERCURE, J. P., CREW III, SPAIN and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.