◼ In the Matter of Louis C. Tenace, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services of the State of New York, et al., Respondents. [717 NYS2d 408] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In June 1998 petitioner, a prison inmate, was served with a misbehavior report charging him with possession of unauthorized organizational materials, possession of stolen State property and possession of contraband. The charges stemmed from a search of petitioner's cell which resulted in the confiscation of, *inter alia*, 300 pages of written materials, including materials pertaining to the Ku Klux Klan. A tier III disciplinary hearing ensued, at which petitioner pleaded guilty to possession of contraband and not guilty to the remaining charges. At the conclusion of the hearing, petitioner was found not guilty of possession of stolen property and, based upon the misbehavior report, petitioner's own testimony and a review of the subject materials, guilty of possession of unauthorized organizational materials. A penalty of two months' confinement in the special housing unit, together with a corresponding loss of privileges, was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the determination of guilt.

The various arguments raised by petitioner do not warrant

extended discussion. Initially, we reject petitioner's assertion that the underlying determination is not supported by substantial evidence. Petitioner admittedly possessed literature from the Ku Klux Klan, an organization that petitioner acknowledged was responsible for numerous violent acts in the past and which, in the materials possessed by petitioner, promoted various white supremacist policies. Additionally, petitioner essentially conceded that possession of Ku Klux Klan literature was not authorized by the Department of Correctional Services. We therefore conclude that the determination finding petitioner guilty of possession of unauthorized organizational materials is supported by substantial evidence in the record as a whole (see, Matter of Ernest v Goord, 258 AD2d 747, 748, lv dismissed 93 NY2d 944).

Equally unpersuasive is petitioner's contention that the rule prohibiting the possession of unauthorized organizational materials does not apply to reading materials. The text of the rule itself, which prohibits an inmate from "display[ing], wear-[ing], possess[ing], distribut[ing] or us[ing] unauthorized organizational insignia or materials" (7 NYCRR 270.2 [B] [6] [iii]), plainly encompasses the possession of reading materials (see, Matter of Ernest v Goord, supra, at 747-748; Matter of Sparks v Coombe, 243 AD2d 767, 768).

Petitioner next asserts that respondents failed to follow Department of Correctional Services Directive No. 4572, which provides for the confiscation and referral to the Facility Media Review Committee of any materials believed to violate media review guidelines. A similar argument was considered and rejected by this Court in Matter of Buford v Goord (258 AD2d 761), wherein we concluded that inasmuch as materials generated by unauthorized organizations have been designated as contraband under Department of Correctional Services regulations, "the determination to exclude such materials from the publication review process does not contravene the directive's purpose" (id., at 762). In other words, because the Ku Klux Klan literature at issue here is contraband, respondents could permissibly confiscate it without first reviewing the materials pursuant to Department of Correctional Services Directive No. 4572 (see, id.). Petitioner's remaining arguments, including his assertion that the rule prohibiting the possession of unauthorized organizational materials was unconstitutionally vague and violated his 1st Amendment right to free speech, have been examined and found to be lacking in merit.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.