██ In the Matter of JAMES TAYLOR, Petitioner, v THOMAS POOLE, as Superintendent of Gouverneur Correctional Facility, Respondent. [753 NYS2d 573] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the possession of unauthorized organizational materials and conspiring to introduce controlled substances into the facility. The Attorney General concedes, and our review confirms, that there is insufficient evidence to support the determination of petitioner's guilt as to the conspiracy charge. Hence, the determination under review is modified by reversing the finding of guilt as to that charge.

As to the charge of unauthorized possession of organizational materials, the misbehavior report relates that a frisk of petitioner's cube disclosed various pamphlets and newsletters, including a treatise written by a Black Panther Party activist that encouraged African-Americans to offer armed resistance to governmental authority. In our view, this misbehavior report constitutes substantial evidence of petitioner's guilt of the charge of possession of unauthorized organizational materials. To the extent that petitioner contends that he cannot properly be found guilty of this charge because he was not issued a copy of the 1998 revised edition of the "Department of Correctional Services Standards of Inmate Behavior Rule Book," the first edition to contain rule 105.12 (7 NYCRR 270.2 [B] [6] [iii]), which proscribes inmates from possessing "organizational * * * materials" and defines an "organization" as "any gang or any organization which has not been approved by the deputy commissioner for program services," we need note only that

petitioner conceded that a copy of such rule book was readily available at the correctional facility library, thereby belying petitioner's claimed lack of notice of its contents.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of conspiring to introduce controlled substances into a correctional facility; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.