In the Matter of RETAIL PROPERTY TRUST, Appellant, v BOARD OF ASSESSORS OF TOWN OF CLARKSTOWN et al., Respondents. [793 NYS2d 135]—

In a proceeding pursuant to Real Property Tax Law article 7 to review certain real property tax assessments, the petitioner appeals from an order of the Supreme Court, Rockland County (Rosato, J.), dated July 16, 2003, which granted that branch of the motion of the Board of Assessors and/or the Assessor of the Town of Clarkstown and the Board of Assessment Review which was for summary judgment dismissing the petition.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner seeks to challenge the assessment of its property for the 2002/2003 tax year, which resulted from a stipulation of settlement of previous tax certiorari proceedings involving the same property, negotiated among the parties to this proceeding, and reflected in an order of the Supreme Court, Rockland County, entered on April 6, 2001.

The respondents established their entitlement to judgment as a matter of law by demonstrating that this proceeding is barred by the provision of the Real Property Tax Law imposing a three-year moratorium on changes or challenges to tax assessments (see RPTL 727 [1], [3]). In opposition, the petitioner failed to raise a triable issue of fact. It contends that the statutory moratorium cannot be applied in this case because the market value of the subject property has decreased to the point where it is exceeded by the assessed value of the property, in violation of NY Constitution, article XVI, § 2 (see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon, 88 NY2d 724, 729 [1996]). By entering into the stipulation of settlement, however, the petitioner waived any constitutional defect in that assessment (see Matter of Mallinckrodt Med. v Assessor of Town of Argyle, 292 AD2d 721, 723 [2002]; cf. Susquehanna Dev. v Assessor of City of Binghamton, 185 Misc 2d 267 [2000]). In any event, the petitioner presented no evidence demonstrating that the alleged decrease in the market value of its property occurred after it entered into the stipulation in the prior proceeding fixing the property's assessed value.

The petitioner's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.