WHITEFACE RESORT HOLDINGS, LLC, Appellant, v CHARLES W. MCCUTCHEN et al., Respondents. [860 NYS2d 308]—

Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 12, 2007 in Essex County, which, among other things, granted defendant Charles W. McCutchen's motion for summary judgment dismissing the complaint.

This appeal requires us to consider whether an owner can sell a portion of a parcel of real estate burdened by a right of first refusal when the deed granting the right contains no express restriction on partial sales but the right holder nevertheless seeks to enjoin a sale of anything less than the entire parcel.

Defendant Charles W. McCutchen (hereinafter defendant) is the successor in interest of Brunson McCutchen and Margaret McCutchen, who were deeded a parcel of real property by the Adirondack Company in 1955. The parcel is located between property owned by plaintiff, which operates the Whiteface Club, and that owned by defendants Garrett Hotel Group and Lake Placid Lodge, Inc. (hereinafter collectively referred to as the Lodge), which also leased defendant's parcel. As relevant here, the 1955 deed granted a right of first refusal to Whiteface Inn, Inc. and its successors and assigns. Plaintiff, as successor of Whiteface Inn, Inc., commenced this action to, among other things, enforce the right of first refusal after learning that the

Lodge proposed purchasing a half-acre portion of the parcel from defendant for $770,000. The lease between the Lodge and defendant was evidently to be left in effect through 2015. Defendant was to retain the remaining two-tenths-acre portion of the property, with 79.5 feet of shore frontage along Lake Placid, and a right-of-way for access.

On October 20, 2006, defendant and the Lodge formally executed a contract of sale for a portion of the parcel and, four days later, defendant sent a letter, along with a copy of the contract, offering plaintiff the option to purchase that portion of the property on the same terms. Plaintiff refused the offer in writing, claiming that the right of first refusal prohibits the transfer of only a portion of the parcel. Thereafter, plaintiff amended its complaint to request rescission of the contract between defendant and the Lodge and for an order directing defendant to comply with the requirements of the 1955 deed. Supreme Court granted defendant's subsequent motion for summary judgment and dismissed the complaint. Plaintiff appeals and we now affirm.

Plaintiff argues that its right of first refusal was not triggered by the sale of anything less than the entire parcel, that the right has not been waived by the partial sale to the Lodge, and that defendant violated the right by selling only a portion of the parcel over plaintiff's objection. A right of first refusal is "a restriction on the power of one party to sell without first making an offer of purchase to the other party upon the happening of a contingency: the owner's decision to sell to a third party" (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60 [1989]; *see Morrison v Piper*, 77 NY2d 165, 169-170 [1990]). That is, the right "merely provides that before an owner sells, it will first give the other party a chance to buy" and, thus, "[w]hen . . . the selling party has fully complied with its obligations under the first refusal clause by not selling without first making the required offer, the nonselling party has received the bargained-for performance" (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d at 60, 62; *see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 61 [2003]; *Krieger v Cornelius*, 259 AD2d 10, 11-12 [1999]).

While it is well established that an owner may not attempt to defeat a right of first refusal on a parcel by offering the property for sale only as part of a larger parcel (*see e.g. South Amherst, Ltd. v H.B. Singer, LLC*, 13 AD3d 515, 516 [2004]; *K.S. & S. Rest. Corp. v Yarbrough*, 104 AD2d 486, 487 [1984]), it is an open question whether an owner can sell a portion of a parcel encumbered by a right of first refusal when the right

holder objects to a sale of anything less than the entire parcel. We note, however, that it has been repeatedly held that the sale of a portion of the encumbered property—in the absence of any objection to a partial sale—does trigger the right of first refusal with respect to that portion (*see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.*, 13 AD3d 425, 428 [2004]; *Colonie Motors v Heritage Corp. of N.Y.*, 61 AD2d 1105, 1107 [1978]; *Sargent v Halsey*, 42 AD2d 375, 380-381 [1973]). As this Court explained in recognizing that the right attaches in the event of a partial sale, construing "premises" in this context to mean only the entire parcel would be unreasonable; such an interpretation would permit the grantor to "circumvent[ ]" a "right of first refusal . . . by the simple device of conveying partial interests in the premises" (*Colonie Motors v Heritage Corp. of N.Y.*, 61 AD2d at 1107).

Plaintiff's right of first refusal is set forth in the 1955 deed as follows: "Grantees agree that Whiteface Inn, Inc., its successors and assigns, shall have the first option to purchase the demised [*sic*] premises, on the same terms and conditions as any other prospective bona fide purchaser, and agree not to sell or convey said premises without first giving Whiteface Inn, Inc., its successors and assigns, [60] days' written notice of their intention to sell or convey." Notably, there is no express limitation in the 1955 deed on the sale of only a portion of the premises. Although plaintiff urges us to imply a term requiring that the property may be conveyed only in its entirety, this Court has recognized the validity of partial transfers so long as the right of first refusal is honored with each transfer and expressly deemed unreasonable the construction of the word "premises" as meaning the entire parcel, as noted above (*see Colonie Motors v Heritage Corp. of N.Y.*, 61 AD2d at 1107).

Moreover, "restraints on the free alienation of land . . . tend to prevent full utilization of the land, which is contrary to the best interests of society. Since such covenants are to be construed strictly even if expressly stated, it follows that a court should not recognize the existence of an implied limitation upon [alienation] unless the situation is such that the failure to do so would be to deprive a party of the benefit of [the] bargain" (*Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69 [1978] [citation omitted]; *see generally Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 161, 167 [1986]). There is no indication that plaintiff was deprived of the benefit of the bargain herein; rather, in the absence of any prohibition on the sale of a part of the property, we conclude that plaintiff received the bargained-for performance when defendant notified it of the

contract of sale to the Lodge and offered plaintiff 60 days to exercise the right of first refusal (*see LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d at 62; *cf. Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d at 61). Accordingly, inasmuch as plaintiff thereafter expressly declined to buy the property, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint against him (*see McPeady & Co. v Chestnut St. Props.*, 179 AD2d 915, 917 [1992]).

Plaintiff's remaining argument is not properly before us.

Cardona, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs.