■ In the Matter of VINCENT McCOLLUM, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [876 NYS2d 766]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule that prohibits the possession of contraband after a search of his belongings disclosed, among other things, a lighter. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding seeking to annul the determination of guilt.

Petitioner contends that his due process rights were violated because prison disciplinary rule 113.23 (*see* 7 NYCRR 270.2 [B] [14] [xiii]) is unconstitutionally vague and otherwise failed to afford him sufficient notice that the items he was charged with possessing constituted contraband. Preliminarily, petitioner neglected to raise his constitutional claim at the disciplinary hearing and, therefore, this issue is not preserved for our review (*see generally Matter of Hamilton v Goord*, 32 AD3d 642, 643 [2006], *lv denied* 7 NY3d 715 [2006]). Turning to the merits, rule 113.23 clearly states that any article not "specifically authorized" by the facility superintendent, his or her designee, or departmental or local facility rules constitutes contraband (*see Matter of Garcia v Selsky*, 48 AD3d 931 [2008], *appeal dismissed* 10 NY3d 909 [2008]; *Matter of Jenkins v Senkowski*, 221 AD2d 779 [1995]). Thus, the fact that the cited rule did not expressly prohibit the items that petitioner was charged with possessing is of no moment. Similarly, the fact that petitioner was unaware that this rule precluded him from possessing the contested items— either at all or in the manner in which he did—does not alter the determination of guilt (*see Matter of Jenkins v Senkowski, supra; see also Matter of Hughes v Goord*, 300 AD2d 789, 790 [2002]). Accordingly, respondent's determination is confirmed.

Cardona, P.J., Mercure, Spain, Kane and Stein, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.