■ In the Matter of RICHARD COLE, Appellant, v BRIAN FIS-CHER, as Commissioner of Correctional Services, Respondent.
[880 NYS2d 363]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 10, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Wende Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with possession of contraband after a routine search of his cell revealed two cigarette lighters. At the tier II hearing that followed, petitioner pleaded guilty, admitting that he possessed the lighters, and a penalty was imposed. When petitioner's administrative appeal proved unsuccessful, he commenced this CPLR article 78 proceeding contending that prison disciplinary rule 113.23 (*see* 7 NYCRR 270.2 [B] [14] [xiii]) is unconstitutionally vague and does not afford sufficient notice that cigarette lighters are, in fact, contraband.* Supreme Court dismissed petitioner's application, and this appeal ensued.

We affirm. To the extent that petitioner's various claims have been preserved for our review, this Court addressed the sufficiency of the notice afforded by rule 113.23 in *Matter of Mc-Collum v Fischer* (61 AD3d 1194 [2009]), wherein we held: "[R]ule 113.23 clearly states that any article not 'specifically authorized' by the facility superintendent, his or her designee, or departmental or local facility rules constitutes contraband. Thus, the fact that the cited rule did not expressly prohibit the item[ ] that petitioner was charged with possessing is of no moment" (*id.* at 1194 [internal citations omitted]). Moreover, contrary to petitioner's assertions, neither the record as a whole

---

* Petitioner withdrew his substantial evidence claim initially advanced in the petition.

nor the version of Department of Correctional Services Directive No. 4911 in effect at the time his misbehavior report was issued supports his claim that he was authorized to possess the cigarette lighters in question. Accordingly, Supreme Court properly dismissed petitioner's application.

Mercure, J.P., Peters, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.