■ In the Matter of ANTHONY DIXON, Petitioner, v WILLIAM BROWN, as Superintendent of Eastern Correctional Facility, Respondent. [882 NYS2d 319]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with harassment, interference, threats by gesture and creating a disturbance following a conversation with the supervisor of volunteer services at the facility where he was incarcerated. At the conclusion of the tier III hearing that followed, petitioner was found not guilty of creating a disturbance and guilty of the remaining charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.

We confirm. The detailed misbehavior report and the testimony adduced at the disciplinary hearing constitute substantial evidence of petitioner's guilt (*see Matter of Martin v Goord*, 46 AD3d 1294, 1295 [2007]), as such proof reflects that petitioner engaged in inappropriate behavior that delayed the supervisor from engaging in her scheduled duties (*compare Matter of Washington v Selsky*, 48 AD3d 864, 865 [2008]; *Matter of Ramirez v Schultz*, 13 AD3d 457, 458-459 [2004]). To the extent that petitioner and his witnesses testified that he maintained his decorum and did not threaten the supervisor in any way, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Ackridge v Ekpe*, 43 AD3d 509 [2007]). As for petitioner's procedural claims, petitioner twice stated that he did not need inmate Phillips to testify and, in so doing, waived any claim that he was denied the right to call witnesses (*see Matter of Davis v Girdich*, 20 AD3d 788, 789 [2005], *lv denied* 5 NY3d 715 [2005]). While petitioner now contends that additional witnesses should have been called, he did not request any additional witnesses at the hearing, "and the Hearing Officer was under no obligation to present petitioner's case for him" (*Matter of Retamozzo v New York State Dept. of Correctional Servs.*, 31 AD3d 1083, 1084 [2006]). Finally, petitioner's claim that he did not receive a fair hearing before an impartial Hearing Officer is not preserved for our review (*see Matter of Bailey v Burge*, 48 AD3d 854 [2008]; *Matter of Williams v Goord*, 37 AD3d 948 [2007], *lv denied* 8 NY3d 1021 [2007]).

Cardona, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.