■ In the Matter of SHAWN CORNWALL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [904 NYS2d 520]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing unauthorized organizational materials and medication and engaging in an unauthorized exchange. Petitioner pleaded guilty

to possessing unauthorized medication and, following a tier III disciplinary hearing, was found guilty of possessing unauthorized materials and not guilty of engaging in an unauthorized exchange. Thereafter, the charge of possessing unauthorized medication was dismissed and the penalty previously imposed was modified. Petitioner's administrative appeal otherwise proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

We confirm. Preliminarily, petitioner's claim that the rule prohibiting the possession of unauthorized organizational materials is unconstitutionally vague was not raised at the administrative hearing and, hence, is not preserved for our review (*see generally Matter of McCollum v Fischer*, 61 AD3d 1194 [2009], *lv denied* 13 NY3d 703 [2009]). In any event, this Court previously has rejected such a claim (*see Matter of Tenace v Goord*, 278 AD2d 549, 550 [2000], *lv denied* 96 NY2d 707 [2001]).

As to the finding of guilt, the testimony adduced at the hearing was sufficient to establish that the materials in question, which petitioner admitted were his and have been provided to this Court for our in camera review, contained gang references and qualified as unauthorized materials (*see e.g. Matter of Thorpe v Fischer*, 53 AD3d 1003, 1004 [2008]; *Matter of Mercado v Selsky*, 47 AD3d 1167, 1168 [2008], *lv denied* 10 NY3d 713 [2008]; *Matter of Taylor v Poole*, 301 AD2d 768 [2003]). Contrary to petitioner's assertion, there was no need for the Hearing Officer to evaluate the confidential informant's credibility, as the determination of guilt was based upon the testimony of the sergeant who reviewed and assessed the challenged materials, along with the materials themselves (*see Matter of Rolon v Goord*, 30 AD3d 946, 948 [2006]). Although petitioner contends that the underlying misbehavior report was written in retaliation for grievances that he had filed, the Hearing Officer did not need to obtain the actual grievances because she accepted petitioner's testimony that he had filed several grievances against the author of the report; thus, a credibility determination was presented for the Hearing Officer to resolve (*see Matter of Brown v Fischer*, 67 AD3d 1221 [2009]; *Matter of McFadden v Venettozzi*, 65 AD3d 1401, 1402 [2009]). We also cannot say that the penalty imposed was excessive—particularly in view of petitioner's five prior violations of the same rule.

Petitioner's various procedural claims are equally unavailing. Whatever defects may have existed in petitioner's employee assistance were remedied at the administrative hearing and, in

any event, petitioner has failed to demonstrate that he was prejudiced by any alleged inadequacies (*see Matter of Martino v Goord*, 38 AD3d 958, 959 [2007]; *Matter of Abdullah v Goord*, 36 AD3d 978, 979 [2007]). Petitioner need not be provided with irrelevant materials or documents that do not exist (*see Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]; *Matter of Lebron v McGinnis*, 26 AD3d 658, 658-659 [2006], *lv denied* 7 NY3d 704 [2006]). Nor was petitioner denied the right to call witnesses on his behalf. Although the Hearing Officer should have personally interviewed the inmate witness who initially agreed to testify and later refused without giving a reason (*see Matter of Hill v Selsky*, 19 AD3d 64, 67 [2005]), petitioner is not aggrieved because that inmate's testimony would have been limited to the medication charge that was dismissed. After being informed that the remaining inmate witness had been transferred out of the facility, petitioner failed to renew his request for the witness and, when asked whether he had any further witnesses, he responded in the negative (*see Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]). Petitioner advised the Hearing Officer that he no longer needed to call the author of the misbehavior report (*see Matter of Amaker v Selsky*, 43 AD3d 547, 548 [2007], *lv denied* 9 NY3d 814 [2007]), thereby waiving any assertion that he was denied the right to call witnesses on his behalf (*see Matter of Dixon v Brown*, 62 AD3d 1223, 1224 [2009], *lv denied* 13 NY3d 704 [2009]).

Finally, based upon our review of the record as a whole, "we find no merit to petitioner's claim that the Hearing Officer was biased or had predetermined his guilt, nor is there any basis to conclude that the determination flowed from such alleged bias" (*Matter of Abdullah v Goord*, 36 AD3d at 979). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.