[914 NYS2d 327]

Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust, 2009-A, Appellant, v Victor Cornelius, Respondent, et al., Defendants. A. Michael Krieger, Respondent.

Third Department, December 16, 2010

## APPEARANCES OF COUNSEL

*Law Offices of Jeffrey S. Greene, P.C.*, White Plains (*Jeffrey S. Greene* of counsel), for appellant.

*Law Office of Thomas J. Minotti, P.C.*, Highland (*Thomas J. Minotti* of counsel), for Victor Cornelius, respondent.

*Schiller & Knapp, L.L.P.*, Latham (*Gary A. Lefkowitz* of counsel), for A. Michael Krieger, respondent.

## OPINION OF THE COURT

PETERS, J.P.

In September 1991, A. Michael Krieger purchased from defendant Victor Cornelius (hereinafter defendant) a one-half interest in Teviotdale, a historic home located in the Town of Livingston, Columbia County. As part of the transaction, the parties entered into and recorded a joint tenancy agreement which provided, in relevant part, that "[s]hould either party

purchase the entire property and within twenty years thereafter offer it for sale, the other party has the option to purchase the property for $800,000.00 plus a sum reflecting the benefit of any capital improvements made subsequent to the buyout." Defendant ultimately purchased Krieger's share of the property, and title was transferred to defendant alone in December 1995.

After defendant listed the property for sale in August 1997, Krieger commenced an action seeking a declaration of his rights under the joint tenancy agreement. Supreme Court (Cobb, J.) determined in April 1998 that Krieger's interest was a right of first refusal, as opposed to an option, and that decision was later affirmed by this Court on appeal (*Krieger v Cornelius*, 259 AD2d 10, 11-12 [1999]). Meanwhile, in January 1998, the then mortgagee of the property commenced a foreclosure action. In the context of that action, Supreme Court found in a March 1999 decision that Krieger's right of first refusal was superior to the mortgage and it could be exercised by Krieger at the foreclosure sale. That decision was not appealed, and the foreclosure sale was never consummated.

In August 2005, defendant procured a mortgage with plaintiff's predecessor in interest, Tribeca Lending Corporation. After defendant failed to make the required payments under the note and mortgage, Tribeca commenced this foreclosure action. A referee determined that the amount due on the note was $727,875.35 and a judgment of foreclosure and sale was granted. Prior to the sale, Krieger moved to vacate that judgment and to be joined as a necessary party, alleging that Tribeca's interest is subordinate to his right of first refusal and therefore any judicial sale must be subject to such right. Supreme Court (Nichols, J.) granted Krieger's motion, finding that, based on the March 1999 decision in the prior foreclosure action, Tribeca was barred from contesting whether Krieger's right of first refusal could be exercised at a foreclosure sale. This appeal ensued.[1]

Plaintiff contends that Supreme Court improperly determined that Tribeca was in privity with the mortgagee in the prior foreclosure action and, therefore, bound by the March 1999 findings in that action. We agree. "Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (*Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *see Ryan v New York*

1. By subsequent order of Supreme Court, plaintiff was substituted for Tribeca as the plaintiff herein.

*Tel. Co.*, 62 NY2d 494, 500 [1984]; *Matter of Frontier Ins. Co.*, 73 AD3d 36, 41 [2010]). This doctrine, being equitable in nature, is grounded on principles of fairness and ought not be rigidly or mechanically applied (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153 [1988]). Privity "is an amorphous concept not easy of application" (*Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997] [internal quotation marks and citation omitted]) and requires "a flexible analysis of the facts and circumstances of the actual relationship between the party and nonparty in the prior litigation" (*Evergreen Bank v Dashnaw*, 246 AD2d 814, 816 [1998]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664). It includes " 'those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and [those who are] coparties to a prior action' " (*Matter of Juan C. v Cortines*, 89 NY2d at 667-668, quoting *Watts v Swiss Bank Corp.*, 27 NY2d 270, 277 [1970]; *see Buechel v Bain*, 97 NY2d at 304).

■ Here, while Supreme Court found that Tribeca is the successor in interest to the mortgagee in the prior foreclosure action, the record is clear that Tribeca was not affiliated with the prior mortgagee nor was it an assignee of the mortgage that was previously foreclosed upon. Rather, defendant obtained a separate mortgage from Tribeca and used the loan proceeds therefrom to pay off the mortgage held by the prior mortgagee. Nor were Tribeca's interests represented in the prior action such that it could be found to be in privity with the prior mortgagee. Tribeca's relationship with defendant did not arise until long after the conclusion of the prior litigation, and it surely cannot be barred from raising its current arguments simply because it has the same status, as mortgagee, as the party in the prior foreclosure action (*see Tamily v General Contr. Corp.*, 210 AD2d 564, 566-567 [1994]). Furthermore, and not insignificantly, the mortgagee in the prior foreclosure action was a company owned by Krieger himself. Given that Krieger, either individually or through his wholly owned corporation, was both the plaintiff (mortgagee) and defendant (holder of the right of first refusal) in the prior litigation, it would be unjust to deny Tribeca a full and fair opportunity to litigate the issues pertaining to the applicability of the right of first refusal to this foreclosure proceeding. For all of these reasons, we conclude that plaintiff is not barred by the doctrines of res judicata or

collateral estoppel from challenging whether Krieger's right of first refusal could be exercised at the foreclosure sale.

■ Turning to the merits, plaintiff contends that Krieger's right of first refusal is not triggered by a judicial foreclosure sale. We begin our analysis of this issue, which is one of first impression in this Court, by examining the language creating the right of first refusal. The joint tenancy agreement grants Krieger the right of first refusal to purchase Teviotdale for a specified sum in the event that either party purchases the entire property and within 20 years thereafter "offer[s] it for sale." Here, however, defendant is not offering the property for sale. Rather, the referee, on behalf of the court, is the seller for the purpose of the foreclosure action (*see Lane v Chantilly Corp.*, 251 NY 435, 437 [1929]; *Jorgensen v Endicott Trust Co.*, 100 AD2d 647, 648 [1984]). Moreover, we find that the word "offer," as here used, was intended to cover a conscious and voluntary choice by the owner to make the property available for sale. No such choice exists here, however, as foreclosure is an involuntary process resulting in a forced sale. The judgment of foreclosure and sale decrees and directs that the mortgaged property be sold (*see* RPAPL 1351; *see also* 2 Bergman, New York Mortgage Foreclosures § 27.01 [2]). Thus, it is not the volitional act of the owner. Accordingly, we find that the right of first refusal at issue in the present case cannot be exercised within the context of the foreclosure sale.[2]

Furthermore, our conclusion in this regard aligns with the well established definition of a right of first refusal. As repeatedly explained by the Court of Appeals, "[t]he effect of a right of first refusal, also called a preemptive right, is to bind the party who *desires to sell* not to sell without first giving the other party the opportunity to purchase the property at the price specified" (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60 [1989] [emphasis added and original emphasis omitted]; *see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 60 [2003]). Stated differently, "it is a restriction on the power of one party to sell without first making an offer of purchase to the other party upon the happening of a contin-

2. In so concluding, we do not find that a right of first refusal can never ripen at a judicial foreclosure sale. Different language in an agreement may well create such right. We further note that we are not faced in this appeal with the issue of the future enforceability of the right of first refusal in the event that the purchaser at the foreclosure decides to sell Teviotdale within the time frame set forth in the 1991 recorded agreement (*see generally* 1 Bergman, New York Mortgage Foreclosures § 12.10A).

gency: *the owner's decision to sell* to a third party" (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d at 60 [emphasis added]; *see Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 163 [1986]; *Whiteface Resort Holdings, LLC v Mc-Cutchen*, 52 AD3d 1106, 1107 [2008]). Thus, "a right of first refusal contemplates a *willing seller who desires to part with the property*" (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d at 60 [emphasis added]; *see Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d at 163; *R. I. Realty Co. v Terrell*, 254 NY 121, 124 [1930])—a circumstance which clearly is not present here. Consideration of these long-standing principles in connection with the specific language used to create the right at issue in this case further supports our conclusion that the foreclosure sale will not trigger Krieger's right of first refusal. We note that our holding in this regard is in accord with that of other state courts (*see Tadros v Middlebury Med. Ctr., Inc.*, 263 Conn 235, 239-244, 820 A2d 230, 234-236 [2003]; *Pearson v Schubach*, 52 Wash App 716, 720, 763 P2d 834, 837 [1988]; *Henderson v Millis*, 373 NW2d 497, 503 [Iowa 1985]; *Draper v Gochman*, 400 SW2d 545, 547-548 [Texas 1966]; *see generally* P.G. Guthrie, Annotation, *Rights of Holder of "First Refusal" Option on Real Property in Event of Sale at Foreclosure or Other Involuntary Sale*, 17 ALR3d 962).

The parties' remaining arguments are either unpreserved for our review or have been rendered academic by our determination.

Spain, Lahtinen, Kavanagh and Garry, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.