· In the Matter of CORPORATE WOODS 11, LP, Appellant, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF COLONIE et al., Respondents, et al., Respondent. [921 NYS2d 380]—

Garry, J. Appeal from an order of the Supreme Court (McNamara, J.), entered January 13, 2010 in Albany County, which, in a proceeding pursuant to RPTL article 7, granted a motion by respondents Board of Assessment Review of the Town of Colonie, Assessor of the Town of Colonie and Town of Colonie to dismiss the petition.

Petitioner owns a six-story office building in the Town of Colonie, Albany County that was leased in 1988 to Wellpoint, Inc. The lease required Wellpoint to pay petitioner base rent and additional operating expenses that included, among other things, that portion of the property taxes exceeding the amount paid during the first year of the lease's 20-year term. Petitioner made all property tax payments to the taxing authorities. In 2006, Wellpoint commenced a tax certiorari proceeding challenging the assessments for the tax years 2006 and 2007. The proceeding was settled in October 2007 by a stipulation reducing the assessments and, in November 2007, by an order and judgment based upon the stipulation. In December 2008, Wellpoint and petitioner agreed upon a five-year lease renewal by which, among other changes, petitioner became responsible

for a larger share of the property taxes. In 2009, petitioner grieved the property tax assessment. Respondents refused to consider the grievance, citing the three-year repose period imposed by RPTL 727 (1) upon property reassessments following a court-ordered reduction.

Petitioner commenced this tax certiorari proceeding against respondent Town of Colonie, its Assessor and its Board of Assessment Review (hereinafter collectively referred to as respondents)* contending, among other things, that it was not bound by the repose period because Wellpoint was not "aggrieved" within the meaning of RPTL 704 (1) and therefore lacked standing to commence the 2006 proceeding. Respondents moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition. Supreme Court granted the motion, finding that petitioner was precluded from challenging Wellpoint's standing. Petitioner appeals.

"Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (*Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002] [citation omitted]). It is undisputed that the first requirement for the doctrine's application has been satisfied; Wellpoint's standing was necessarily decided in the prior proceeding and is decisive in the current proceeding (*see id.* at 303-304; *Mazzocki v State Farm Fire & Cas. Corp.*, 1 AD3d 9, 11 [2003]). The parties' differences center on the second requirement—whether petitioner met its burden, as the party seeking to defeat the doctrine's application, to show that it did not have a full and fair opportunity to contest the prior determination (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *McWain v Pronto*, 30 AD3d 675, 676 [2006]).

"[B]eing equitable in nature, [collateral estoppel] is grounded on principles of fairness and ought not be rigidly or mechanically applied" (*Huntington Natl. Bank v Cornelius*, 80 AD3d 245, 248 [2010]). Petitioner contends that, whether or not it was in privity with Wellpoint, application of collateral estoppel would be inequitable because it had no notice, or inadequate notice, of the prior proceeding (*see Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp.*, 148 AD2d 856, 857 [1989]). Petitioner did not receive formal notice when the 2006 proceeding was commenced and contended that it did not learn that the proceeding had occurred until after it was complete, upon receipt of a September 2008 tax bill showing the reduced assess-

---

* Respondent North Colonie Central School District became a party by serving an answer (*see* RPTL 712 [2-a]).

ment. We find, however, that the record supports Supreme Court's determination that petitioner received actual notice that Wellpoint was conducting a tax certiorari proceeding in August 2007, while time remained to object to Wellpoint's standing. At that time, a Town appraiser contacted petitioner's chief financial officer to request information about the property. The officer supplied the requested financial information and revealed his awareness of the pending litigation by directing the appraiser to obtain a requested copy of the lease from Wellpoint, as petitioner was "not a party to this case." Petitioner took no action thereafter to contest Wellpoint's standing, such as seeking to intervene in the pending proceeding (*see* CPLR 1012, 1013; *compare Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 720-721 [1998]), commencing a separate action to compel Wellpoint to withdraw the proceeding (*see 919 Third Ave. Assoc. v P.J. Clark's Inc.*, 166 AD2d 382, 383 [1990], *lv dismissed* 77 NY2d 989 [1991]) or even noting an objection. Petitioner did not question Wellpoint's authority, did not interfere with Wellpoint's prosecution of the proceeding, and even assisted in the proceeding by furnishing the financial information.

This acquiescence and assistance supports Supreme Court's determination that petitioner was in privity with Wellpoint for collateral estoppel purposes. Privity "is an amorphous concept not easy of application" (*Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997] [internal quotation marks and citations omitted]) which is determined through " 'a flexible analysis of the facts and circumstances of the actual relationship between the party and nonparty in the prior litigation' " (*Huntington Natl. Bank v Cornelius*, 80 AD3d at 248, quoting *Evergreen Bank v Dashnaw*, 246 AD2d 814, 816 [1998]). Privity may be found between parties whose connection is such that the nonparty's interests " 'can be said to have been represented in the prior proceeding' " (*Comi v Breslin & Breslin*, 257 AD2d 754, 757 [1999], quoting *Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]). Petitioner contends that its interests were not represented by Wellpoint in the prior proceeding because only two years remained of the original 20-year lease term at that time, leaving Wellpoint with no incentive to protect petitioner's interests in the third year of the RPTL 727 (1) repose period. However, this determination does not necessarily require the parties' interests to be fully identical (*compare Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 122-124 [2008]). Moreover, petitioner was chargeable with knowledge that the end of the lease period was impending. Nor does petitioner's alleged ignorance regarding the three-year moratorium imposed by

RPTL 727 (1) affect the statute's applicability (*see Susquehanna Dev. v Assessor of City of Binghamton*, 185 Misc 2d 267, 271-272 [2000]). Petitioner concedes that it had knowledge of the proceedings and the reduced assessment prior to entering into the lease renewal agreement, and further, we note that petitioner benefitted from the prior proceeding, as its 2009 tax liability was lowered by the reduced assessment that Wellpoint obtained.

The purpose of the three-year repose period in RPTL 727 (1) is "to prevent assessing units from increasing judicially reduced assessments in succeeding years, to prevent taxpayers from perpetually challenging their assessments[,] and to spare all parties the time and expense of repeated court intervention" (*Matter of Rosen v Assessor of City of Troy*, 261 AD2d 9, 12 [1999] [internal quotation marks and citation omitted]). Considering petitioner's knowledge of the prior proceeding, its longstanding contractual relationship with Wellpoint and the alignment of their interests in reducing their property tax liability, we find the statutory purposes best served by deeming petitioner to be in privity with Wellpoint in the 2006 proceeding.

We are unpersuaded by petitioner's remaining contentions. A provision in the 2007 stipulation by which the parties agreed that RPTL 727 "shall have full force and binding effect upon all parties to these proceedings" cannot be read to imply an intent that nonparties were not to be so bound, nor was there any requirement for the parties to stipulate explicitly that the three-year moratorium period would apply for it to have effect (*see Matter of Rosen v Assessor of City of Troy*, 261 AD2d at 11).

Finally, petitioner's claim that application of the three-year moratorium violates the NY Constitution as the 2009 assessment allegedly exceeds the property's fair market value was not raised in Supreme Court and is thus unpreserved for appellate review (*see* NY Const, art XVI, § 2; *Matter of McCollum v Fischer*, 61 AD3d 1194, 1194 [2009], *lv denied* 13 NY3d 703 [2009]; *Matter of Wyman v Braman*, 298 AD2d 787, 788 [2002], *appeal dismissed* 99 NY2d 578 [2003]). In any event, a constitutional challenge to the statute may be waived by stipulation (*see Matter of Retail Prop. Trust v Board of Assessors of Town of Clarkstown*, 17 AD3d 471 [2005]; *Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721, 722 [2002]). As the party who paid the tax bills on the property, petitioner had full knowledge of the amount of its assessment. Having stood by without objection while Wellpoint, with whom it was in privity, settled the 2006 proceedings, it can make no claim that it was a

"noncomplicit transferee" and, thus, that the "unlikely combination of factors" exists under which application of the moratorium might be found to be unconstitutional (*Susquehanna Dev. v Assessor of City of Binghamton*, 185 Misc 2d at 273).

Spain, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.