*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    519545
_____

In the Matter of MICHAEL
    SIMPSON,
                        Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____


Calendar Date:   October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                        _____


        Covington & Burling, LLP, New York City (Colin P. Watson of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Brian D.
Ginsberg of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with having
unauthorized contact with an employee of the Department of
Corrections and Community Supervision and making a third-party
telephone call.  At the tier III disciplinary hearing that
followed, petitioner pleaded guilty to these charges.  The
Hearing Officer, in turn, issued a guilty disposition and imposed

a suspended penalty of three months in the special housing unit. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Petitioner is precluded from challenging the sufficiency of the evidence upon which the determination is based by his knowing, voluntary and intelligent plea of guilty to the charges (see Matter of Pinkney v Goord, 302 AD2d 820, 821 [2003]; Matter of Shire v Coombe, 240 AD2d 823 [1997]). Petitioner failed to challenge the validity of his guilty plea either at the disciplinary hearing or in his administrative appeal and his claims that the disciplinary rules at issue are unconstitutionally vague and overbroad have not been preserved for our review due to petitioner's failure to raise them at the disciplinary hearing (see Matter of Cornwall v Fischer, 74 AD3d 1507, 1508 [2010]; Matter of McCollum v Fischer, 61 AD3d 1194, 1194 [2009], lv denied 13 NY3d 703 [2009]). Accordingly, we find no reason to disturb the determination of guilt.

McCarthy, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court