Matter of Brown v Venettozzi (2018 NY Slip Op 04807)





Matter of Brown v Venettozzi


2018 NY Slip Op 04807


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of JOHNNY B. BROWN, 
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: May 8, 2018

Before: Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ.


Johnny B. Brown, Elmira, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Clinton Correctional Facility and a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in an August 31, 2016 misbehavior report with refusing a direct order and being out of place, after being observed by a correction officer in an unassigned cellblock and refusing an order to return to his cell. Following a tier II disciplinary hearing, he was found guilty as charged and the determination was upheld on administrative review. A second misbehavior report, dated September 1, 2016, charged petitioner with drug use after his urine twice tested positive for THC. Following a tier III disciplinary hearing, he was found guilty of that charge. Upon administrative review, the penalty imposed was modified but the determination was otherwise affirmed. Petitioner commenced this CPLR article 78 proceeding challenging both determinations.
We confirm. In connection with the first disciplinary determination, the misbehavior report and the testimony of its author provide substantial evidence to support that determination (see Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; Matter of Wilson v Annucci, 154 [*2]AD3d 1291, 1292 [2017]). Petitioner's testimony that he was allowed to be in the other cellblock because he was there in connection with his duties as a member of the Inmate Liaison Committee, which was belied by the testimony of the author of the misbehavior report, and petitioner's testimony that the misbehavior report was written in retaliation for him serving on the Committee, presented credibility issues for the Hearing Officer to resolve (see Matter of Clark v Smith, 155 AD3d 1232, 1233 [2017]; Matter of Lopez v Fischer, 69 AD3d 1076, 1076 [2010]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c] [1]-[3]; Matter of Austin v Annucci, 145 AD3d 1263, 1264 [2016]). Moreover, petitioner did not demonstrate that any other correction officers had "personal knowledge of the facts" of the incident so as to require the endorsement of the misbehavior report or a separate report (see 7 NYCRR 251-3.1 [b]; Matter of Nieves v Annucci, 123 AD3d 1368, 1369 [2014]). Although petitioner also contends that the Hearing Officer improperly denied his request to obtain copies of complaints and grievances that he had filed against the author of the misbehavior report, there is nothing in the record to indicate that petitioner requested such evidence. Although petitioner contends that he was denied the right to call certain inmate witnesses, the record reflects that, while he initially requested their testimony, he subsequently informed the Hearing Officer that he no longer wanted them to testify, thereby waiving this contention (see Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]; Matter of Dixon v Brown, 62 AD3d 1223, 1224 [2009], lv denied 13 NY3d 704 [2009]).
With respect to the second disciplinary determination finding petitioner guilty of drug use, the misbehavior report, positive urinalysis test results and related documentation, together with the testimony presented at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Cotterell v Taylor-Stewart, 145 AD3d 1245, 1246 [2016]; Matter of Williams v Annucci, 141 AD3d 1062, 1062 [2016]). Contrary to petitioner's contention, the hearing testimony and the documentary evidence establish that proper testing procedures were followed (see Matter of Bouton v Annucci, 145 AD3d 1219, 1220 [2016]), and a valid reason was given for ordering him to provide a urine sample (see 7 NYCRR 1020.4 [a] [1]; Matter of Clarke v Venettozzi, 139 AD3d 1221, 1222 [2016]). As to petitioner's claim that he was denied the right to attend the completion of the disciplinary hearing, the record reflects that, on the fourth day of the hearing, petitioner informed the Hearing Officer that he would not be coming back for the completion of the hearing. The correction officer who was assigned to escort petitioner back to the hearing testified that petitioner refused to leave his cell or to sign the corresponding refusal form executed by the officer that documented petitioner's refusal and that the officer informed petitioner that the hearing would proceed in his absence. "By refusing to return to the hearing that was nearing completion, petitioner forfeited his right to be present" (Matter of Sowell v Fischer, 116 AD3d 1308, 1309 [2014], appeal dismissed 24 NY3d 933 [2014]; see Matter of Weems v Fischer, 75 AD3d 681, 682 [2010], appeal dismissed 15 NY3d 917 [2010]).
We reject petitioner's contention that he was denied adequate employee assistance. Any failure by the assistant in providing relevant log book entries was remedied by the Hearing Officer, and petitioner has not demonstrated any prejudice (see Matter of Shepherd v Annucci, 153 AD3d 1495, 1497 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]; Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]). Regarding petitioner's claim that the assistant failed to interview his requested witnesses, the assistance form does not reflect that he requested any witnesses (see Matter of Martinez v Fischer, 82 AD3d 1380, 1381 [2011]). With regard to the request for witness testimony at the hearing, [*3]petitioner requested the testimony of an inmate from the cell next to him, but he informed the Hearing Officer that he did not recall the inmate's name and requested additional time to identify him. Later in the hearing, the Hearing Officer asked if petitioner had identified the inmate witness. Petitioner replied that he had not, and ultimately indicated that he did not need more time to do so. Accordingly, petitioner waived any claim that he was denied the right to call this witness (see Matter of Cornwall v Fischer, 74 AD3d at 1509; Matter of Dixon v Brown, 62 AD3d at 1224). While petitioner contends that he was denied certain correction officers as witnesses, there is no indication in the record that he requested any testimony from said officers (see Matter of Dolan v Goord, 36 AD3d 1030, 1030 [2007]).
Finally, petitioner was not improperly denied copies of the grievances and complaints that he claims he had filed against the correction officer who had requested the urine test. The Hearing Officer acknowledged petitioner's retaliation defense and questioned the officer who collected the urine sample and the officer who tested it, and they both testified that they followed the proper protocol in collecting and testing the sample and denied that they were involved in any retaliatory conspiracy against petitioner (see Matter of Edwards v Goord, 11 AD3d 832, 833 [2004]). As to petitioner's retaliation defense, his testimony in this regard presented a credibility issue for the Hearing Officer to resolve (see Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209 [2018]; Matter of Tarbell v Lamora, 108 AD3d 899, 899 [2013]. Petitioner's remaining arguments, including that there are gaps in the hearing transcript that preclude meaningful review of the tier III determination, have been considered and found to be without merit.
Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.